BOWEN, Presiding Judge.
Larry Glenn Barnett was convicted of escape in the third degree and sentenced to two years’ imprisonment. This sentence was “split” and Barnett was ordered to serve ninety days in the county jail and one year and nine months on unsupervised probation. One issue is raised on this appeal from that conviction.
Barnett was charged with escaping from the custody of the State of Alabama Department of Youth Services. Prior to trial, defense counsel filed a motion to suppress “[a]ny Juvenile Court records of the defendant and any Department of Youth Services Records of the Defendant” and “any record of prior Juvenile Court disposition and Orders for custody related to those prior dispositions.” At trial, defense counsel requested the trial judge to “suppress any evidence relating to a prior juvenile conviction of this defendant.”
The trial judge denied the motion but stated, “I am not going to allow the state to use a prior juvenile record, except, as I understand, he was incarcerated in Mount Meigs. They have to show that he was incarcerated.” Defense counsel then stipulated to the State’s case and waived a jury trial. At trial, no juvenile records were introduced into evidence. The stipulation was that at the time of the escape, Barnett “was in custody as an inmate at the Mount Meigs Juvenile Facility under the Department of Youth Services.”
Barnett’s argument at trial and on appeal is based on Alabama Code 1975, § 12-15-72, which provides:
“(a) An order of disposition or other adjudication in proceedings under subsection (a) of section 12-15-30 [establishing the original jurisdiction of the juvenile court] shall not be considered to be a conviction or impose any civil disabilities ordinarily resulting from a conviction of a crime or operate to disqualify the child in any civil service application or appointment.
“(b) The disposition of a child and evidence given in a hearing in the court *642 shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority, except in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report.”
In a prosecution for the crime of escape, the prosecution must prove that the accused was in lawful “custody” as an element of the offense. Ex parte Dietz, 474 So.2d 127, 130 (Ala.1985). “Custody” is defined by statute to mean “[a] restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court,” Alabama Code 1975, § 13A-10-30(b)(l). Adopting Barnett’s argument would effectively preclude the criminal prosecution and conviction of any juvenile as an adult offender for escaping from custody imposed pursuant to an order of the juvenile court. This court will not construe § 12-15-72 in a fashion that insulates the juvenile from criminal liability for the offense of escape. Our Supreme Court has recognized that the absolute proscription of § 15-12-72 cannot always prevail. Ex parte Lynn, 477 So.2d 1385, 1386 (Ala.1985), held that a defendant’s right to thorough and sifting cross-examination was unduly hampered by the trial court’s granting the State’s motion to preclude defense counsel from making any reference to the juvenile record of a second defendant.
Consequently, we hold that, where a juvenile is charged as an adult with escaping from the custody of the Department of Youth Services, the prosecution may introduce evidence that the custody had been imposed pursuant to a lawful order of the juvenile court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.