This is an unemployment compensation case.
The trial court awarded the plaintiff (Hawes) partial unemployment compensation benefits. The Department of Industrial Relations (the Department) appeals, asserting Hawes is disqualified from receipt of any unemployment compensation benefits. *Page 275 
We agree with the Department and reverse the trial court.
The essential facts are not in dispute. Hawes first applied for unemployment compensation in February 1985. The examiner ruled Hawes ineligible for benefits pursuant to section25-4-78(3)(b), Code 1975, because he had been discharged for misconduct on the job "repeated after previous warning." Hawes did not appeal this decision. Thereafter, Hawes secured other employment. The second employer discharged Hawes in September 1985, and Hawes again applied for unemployment compensation benefits. After an examiner found Hawes ineligible, again on account of section 25-4-78(3)(b), Hawes appealed. The appeals referee ruled Hawes had been guilty of misconduct connected with his work. However, the referee further determined Hawes had not been previously warned concerning the misconduct (tardiness) and was only partially disqualified from receipt of unemployment compensation benefits. § 25-4-78(3)(c), Code 1975. The Department still refused to pay Hawes any compensation because of its interpretation of section25-4-78(2)(b)(1)(iii). After the Department's Board of Appeals disallowed Hawes's appeal, Hawes appealed to the circuit court.
After a trial, the court issued an order finding Hawes had committed only minor misconduct in regard to the discharge. Pursuant to section 25-4-78(3)(c), the court penalized Hawes five weeks of benefits because of his misconduct and awarded him partial benefits of five weeks. The court rejected the Department's contention that section 25-4-78(2)(b)(1)(iii) precluded any award of benefits to Hawes. Following denial of its motion to alter or amend the judgment, the Department timely appealed.
At issue here is the proper interpretation of the disqualification provisions of the Alabama Unemployment Compensation Act and, more particularly, the effect of a 1983 amendment to the Act, adding subsection (2)(b)(1)(iii) to section 25-4-78. That subsection reads as follows:
 "b. When an individual is disqualified under this subdivision (2):
 "1. He shall not be entitled to benefits for the week in which the disqualifying event occurs or for any week thereafter until:
 "(i) He has reentered insured employment . . .; and
 "(ii) For which employment he has earned wages equal to at least 10 times his weekly benefit amount for the benefit year in which such disqualification is assessed; and
 "(iii) He has been separated from such employment under nondisqualifying conditions".
§ 25-4-78, Code 1975 (emphasis added). Hawes had been disqualified from receipt of unemployment benefits on his first application because he had been "discharged from his most recent bona fide work for actual . . . misconduct committed in connection with his work . . . repeated after previous warning." § 25-4-78(3)(b), Code 1975. Subsection (3)(b) further provides:
 "When an individual is disqualified under this paragraph, or exempt from disqualification for a separation under such conditions prior to his most recent bona fide work, the effect shall be the same as provided in paragraph b. of subdivision (2) of this section for disqualification or exemption from disqualification respectively."
Thus, as a result of his prior disqualification under subsection (3)(b), Hawes became subject to the requalification provisions of subsection (2)(b).
Subsection (2)(b), as amended, contains three requirements which a person previously disqualified under subsection (3)(b) must meet in order to requalify for benefits. The parties stipulated that Hawes had met the first two requirements (reentering insured employment and earning ten times his weekly benefit amount). The dispute relates to whether Hawes met the third requirement; that is, whether he was separated from his second employment under a "nondisqualifying condition." § 25-4-78(2)(b)(1)(iii), Code 1975. Section25-4-78(3)(c) provides that an individual *Page 276 
discharged from his most recent work for misconduct connected with his work, other than a dishonest or criminal act under subsection (3)(a) or misconduct repeated after previous warning under subsection (3)(b), shall be disqualified from receipt of benefits for four to eight weeks according to the seriousness of the misconduct. After the four to eight week penalty period, such an individual is entitled to benefits. The trial court found, and neither party disputed, that as to his second employment, Hawes was partially disqualified from receipt of benefits by reason of section 25-4-78(3)(c). The question, then, is whether a partial disqualification under subsection (3)(c) is a "disqualifying condition" under subsection (2)(b)(1)(iii) so as to preclude the award of even partial benefits to Hawes.
When seeking to interpret and apply a statute, a court's primary objective is to ascertain and give effect to the intent of the legislature in enacting the statute. Mann v. Cityof Tallassee, 510 So.2d 222 (Ala. 1987); Clark v. HoustonCounty Commission, 507 So.2d 902 (Ala. 1987). Consequently, when the statute is plain and unambiguous, no room exists for judicial construction and this court must enforce the statute as written. Dumas Brothers Manufacturing Co. v. SouthernGuaranty Insurance Co., 431 So.2d 534 (Ala. 1983); MarshallCounty Personnel Board v. Marshall County, 507 So.2d 954
(Ala.Civ.App. 1987). Only if the language of the statute is ambiguous or uncertain can a court resort to considerations of fairness, justice, and policy to ascertain the legislative intent. Morgan County Board of Education v. Alabama PublicSchool and College Authority, 362 So.2d 850 (Ala. 1978).
The statute in question here is clear and unambiguous. Section 25-4-78(3)(b) provides that an individual discharged from work for misconduct in connection with that work repeated after previous warning must requalify under subsection (2)(b) in order to be eligible for any unemployment compensation benefits. To requalify under subsection (2)(b), that individual must, inter alia, be separated from a subsequent job under a nondisqualifying condition. Section 25-4-78 describes various situations in which "an individual shall be disqualified for total or partial unemployment." One of the situations in which a person is disqualified is described in subsection (3)(c) — a discharge from work for misconduct connected with that work, even if the employee had not been warned concerning the misconduct. Although the legislature chose to characterize discharge under these circumstances as a partial
disqualification, it is nevertheless a disqualification. Clearly, a disqualifying condition for purposes of subsection (3)(c) cannot be a nondisqualifying condition for purposes of subsection (2)(b).
Subsection (2)(b)(1)(iii) was added to section 25-4-78 as part of a 1983 amendment to the Unemployment Compensation Act. 1983 Ala. Acts, No. 83-155. The title of Act 83-155 states as one of its purposes:
 "[T]o provide that the separation from a job subsequent to a voluntary quit, discharge for dishonest or criminal act or a discharge for misconduct after warning must be for a non-disqualifying reason. . . ." (emphasis added)
The three situations set out in the title — voluntary quit, discharge for dishonest or criminal act, and discharge for misconduct after warning — are all situations in which the employee becomes totally disqualified. However, the title and the act itself clearly state that the requalification provision of subsection (2)(b)(1)(iii) applies to separation from a job "subsequent to" a total disqualification for one of the three stated reasons. The legislature did not indicate that the subsequent separation must also have been for one of these three reasons. Instead, it stated the subsequent separation must be for a "nondisqualifying reason" in order for an individual who left a previous job under one of these three conditions to requalify for benefits. Nowhere did the legislature limit disqualifying reasons to totally disqualifying reasons. We therefore conclude that a partial disqualification from receipt of unemployment compensation benefits is a "disqualifying condition" for purposes of subsection 25-4-78(2)(b)(1)(iii) *Page 277 
and persons partially disqualified under subsection25-4-78(3)(c) have not fulfilled the requirements of subsection (2)(b)(1)(iii) so as to requalify for such benefits.
Applying this rule to the instant case, we reverse the trial court and hold Hawes is not entitled to any unemployment compensation benefits. Hawes became disqualified in February 1985 by reason of section 25-4-78(3)(b) (misconduct after prior warning). He does not meet the conditions necessary to requalify for benefits outlined in section 25-4-78(2)(b) because his partial disqualification under section25-4-78(3)(c) is not a nondisqualifying condition. Having failed to requalify under subsection (2)(b), Hawes is ineligible to receive any benefits.
We are well aware that the Unemployment Compensation Act is in the nature of insurance for the unemployed worker and should be liberally construed in favor of the award of benefits. Department of Industrial Relations v. Smith,360 So.2d 726 (Ala.Civ.App.), cert. denied, 360 So.2d 728 (Ala. 1978). However, when a statutory pronouncement is distinct and unequivocal, as here, there is no room for judicial construction in the worker's favor or otherwise. Mann v. Cityof Tallassee, supra.
On the basis of the foregoing, we reverse the trial court's decision and remand the case to the trial court for issuance of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.