The appellant, Bernard Johnson, was convicted of escape in the third degree, a violation of § 13A-10-33, Code of Alabama 1975. He was sentenced to 10 years in the penitentiary.
The state's evidence tended to show that on January 24, 1993, the appellant was purportedly arrested by Deputy Nicky Rider and other officers with the Baldwin County *Page 513 
Sheriff's Department. The appellant had been cited for contempt of court for failure to pay child support and there was an outstanding warrant for his arrest. However, none of the arresting officers had the warrant in their possession when the arrest was made. Before he could be placed in the police vehicle, the appellant escaped into the woods. He was apprehended approximately one year later and was charged with escape.
The issue in this case is whether the appellant was in lawful custody when his escape occurred. Lawful custody is an element of the offense of escape, Barnett v. State, 517 So.2d 641
(Ala.Cr.App. 1987), and in order for custody to be lawful the arrest must be legal. § 13A-10-30(b)(1). See also Talley v.State, 479 So.2d 1307 (Ala.Cr.App. 1985).
Section 15-10-3 sets forth the circumstances under which an officer may arrest an individual without having personal possession of the arrest warrant. At trial, the state relied on § 15-10-3(a)(6) (Supp. 1989),[1] which reads:
 "(a) An officer may arrest any person without a warrant, on any day and at any time . . .:
 "(6) When he has actual knowledge that a warrant for the person's arrest for the commission of a felony or misdemeanor has been issued, provided such warrant was issued in accordance with the provisions of this chapter. However, upon request he shall show the warrant to the arrested person as soon as possible. If the officer does not have the warrant in his possession at the time of arrest he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued."
(Emphasis added.) The appellant asserts that his arrest violated § 15-10-3(a)(b) because the warrant that served as the basis for his arrest was based on a contempt citation, which is neither a felony nor a misdemeanor. We agree.
Initially, we note that a contempt charge may be either "criminal" or "civil" in nature. It is unclear from the record whether the appellant's contempt was "civil" or "criminal." Regardless, nowhere in the Code is "contempt" classified as a misdemeanor or felony. Indeed, § 13A-5-4(c) states that "[a]ny offense defined outside this title without specification as to punishment or as to felony or misdemeanor is a violation." (Emphasis added.)
The punishment for criminal contempt is specified by statute. "The circuit court may punish contempts by fines not exceeding $100.00 and by imprisonment not exceeding five days." §12-11-30(5). (Emphasis added.) Therefore, criminal contempt is classified as a violation for purposes of the criminal Code because imprisonment may not exceed 30 days.[2] Civil contempt is also neither a felony nor a misdemeanor. The jail sentence for a civil contempt charge is designed to compel the contemptor to comply with a court order, not to punish him for disobedience.State v. Thomas, 550 So.2d 1067, 1072 (Ala. 1989). Unlike penal offenses, civil contempt carries no definite term of imprisonment. The contemptor " 'carries the keys of his prison in his own pocket' [and] can end the sentence and discharge himself at any moment by doing what he had previously refused to do." Lightsey v. Kensington Mortgage Finance Corp.,294 Ala. 281, 315 So.2d 431, 435 (1975).
According to § 15-10-3(a)(6), because the warrant for the appellant's arrest was not for the commission of a felony or a misdemeanor, the arresting officer could not legally arrest the appellant without personally possessing the arrest warrant. Therefore, the appellant's arrest was illegal and his conviction for third degree escape is due to be reversed because the appellant was not in *Page 514 
lawful custody at the time the escape occurred.
We recognize that the appellant may have fallen through a crack in our statutory law. It is unlikely that the legislature intended the result we now reach. However, § 15-10-3(a)(6) is unambiguous. "[W]hen the statute is plain and unambiguous, no room exists for judicial construction and this court must enforce the statute as written." Allen v. Hawes, 539 So.2d 273,276 (Ala.Civ.App. 1988).
We call upon the legislature to amend this statute so that what has occurred here will not occur in the future. If the legislature wants to create an additional ground for lawful arrest without a warrant for failure to pay child support, this case would serve as an example of a fact situation that might justify such a statute. We are keenly aware, however, that our branch of government is obliged to interpret and apply laws and not to make them.
For the reasons discussed above, the judgment is reversed and the cause remanded to the Circuit Court for Baldwin County for proceedings not inconsistent with this opinion.
REVERSED AND RENDERED.
All the Judges concur, except COBB, J., who dissents with opinion.
[1] Section 15-10-3 was amended in 1989 to include misdemeanors within the offenses for which an officer may arrest a person without a warrant. Previously, the arresting officer had to personally possess the arrest warrant before arresting an individual on a misdemeanor charge unless the misdemeanor was committed in the officer's presence.
[2] "Sentences for violations shall be for a definite term of imprisonment in the county jail, not to exceed 30 days." §13A-5-7(b).