Clifford Larry Collins appealed from a divorce judgment (Alabama Court of Civil Appeals case no. 2010283) and a subsequent conviction for criminal contempt resulting from a violation of the divorce judgment (Alabama Court of Civil Appeals case no. 2010611). The Alabama Court of Civil Appeals consolidated both appeals and affirmed the judgments without opinion. Collins v. Collins, (Nos. 2010283 and 2010611, Oct. 4, 2002) ___ So.2d ___ (Ala.Civ.App. 2002) (table). We granted Collins's petition for a writ of certiorari to review the criminal-contempt conviction and the trial court's award of attorney fees to Julie Collins, Larry Collins's ex-wife, arising out of the criminal-contempt proceeding. Julie Collins moved this Court to sever the appeals consolidated in the Court of Civil Appeals and to remand case no. 2010283 because certiorari review was sought only in the contempt case. We granted her motion. Only case no. 2010611 is before us on this review.
As to the criminal-contempt conviction, upon review of the briefs and record, we find no error; therefore, we affirm the judgment of the Court of Civil Appeals insofar as it relates to that conviction. However, we reverse the Court of Civil Appeals' judgment insofar as it relates to the award of attorney fees.
After Larry Collins allegedly violated the trial court's divorce judgment, Julie Collins filed a verified petition for contempt. The trial court adjudged Larry Collins in criminal contempt of court and, as part of its judgment, the court awarded Julie an attorney fee of $1,350. This award of attorney fees directly conflicts with our opinion in In re Stateex rel. Payne v. Empire Life Insurance Co. of America, 351 So.2d 538, 545
(Ala. 1977), wherein we stated that, in a criminal-contempt action, "the award of attorney's fees is not proper" and that part of the trial court's order purporting to award an attorney fee "must be considered as mere surplusage and severed from the judgment decree." See also Ex parteJ.R.W., 667 So.2d 88, 91 (Ala. 1995) (noting that "while awarding an attorney fee in a criminal contempt proceeding is improper, it does not void the judgment"). Therefore, the Court of Civil Appeals erred in affirming the trial court's award of an attorney fee in the criminal-contempt proceeding.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.