CRAWLEY, Presiding Judge.
L.A. has custody of her children A.L.B. and D.R.B. (“the children”), the grandchildren of R.H. and E.H. (“the grandparents”). The grandparents have been awarded court-ordered visitation with the children. On May 6, 2005, the grandparents were notified by a letter sent via facsimile from L.A.’s attorney to the grandparents’ attorney that L.A. and her husband, W.A., would not be bringing the children for visitation with the grandparents that weekend. Although the grandparents’ attorney explained to L.A.’s attorney that visitation was required by the visitation order and that the parties had not agreed to alter the visitation schedule, L.A. and W.A. did not bring the children to the designated visitation-exchange location at the appointed time on May 6. The grandparents brought a contempt action against L.A. After the parties presented their factual stipulations, the trial court found L.A. to be in contempt, fined her $100, and ordered her to pay the grandparents’ attorney fees. L.A. appeals.
The factual stipulations reveal that the weekend of May 6-8, 2005, was a weekend during which the grandparents were entitled to visitation under the visitation order. That weekend was also Mother’s Day weekend. W.A. made plans for the children to spend Mother’s Day with L.A. Although L.A. reminded W.A. that the weekend was a visitation weekend under the visitation order, W.A. said that he was not going to allow visitation to occur and said that he would accept the consequences. Notably, it appears that W.A. is not subject to the visitation order.
Rule 70A, Ala. R. Civ. P., governs contempt proceedings that arise out of civil actions. Rule 70A(a)(2)(C)(ii) defines criminal contempt as “[wjillful disobedience or resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.” In order to establish that a party is in criminal contempt of a court order, a contempt petitioner must prove beyond a reasonable doubt that the party against whom they are seeking a finding of contempt was subject to a “ ‘lawful order of reasonable specificity,’ ” that the party violated that order, and that the party’s violation of the order was willful. Ex parte Ferguson, 819 So.2d 626, 629 (Ala.2001) (quoting United States v. Turner, 812 F.2d 1552, 1563 (11th Cir.1987)).
L.A. argues first that the factual stipulations did not establish that she willfully disobeyed the court’s visitation order. According to L.A., she did not actively participate in the decision to deny the grandparents visitation. Instead, she says, she “passive[ly] accepted ... her husband’s [decision to deny visitation].” Thus, she argues, she cannot be held in criminal contempt.
*1020 This argument is specious. L.A. acknowledged that she knew that the visitation order required that the children be delivered to the grandparents for the May 6-8 weekend. Despite this acknowledged fact, L.A., encouraged by W.A.’s insistence, failed to take any action to deliver the children to the grandparents. Her “passive” acceptance of W.A.’s chosen course of action actively denied visitation to the grandparents. The stipulated facts are clear — L.A. willfully disobeyed a court’s lawful visitation order. The trial court’s finding of criminal contempt is irrefutable. We therefore affirm the contempt judgment.
L.A. correctly argues that the trial court’s contempt judgment impermissibly orders her to pay the grandparents’ attorney fees. See Ex parte Collins, 860 So.2d 1259, 1260 (Ala.2003) (reaffirming an earlier holding that the award of an attorney fee is not proper in a criminal contempt case and noting that the attorney-fee award does not void the contempt judgment). The grandparents concede this error. Accordingly, that portion of the trial court’s contempt judgment awarding the grandparents an attorney fee is reversed, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.