[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 364 
Joe W. Gladden ("the former husband"), acting pro se, appeals a judgment entered on February 4, 2005, in a postdivorce contempt proceeding. We affirm in part, reverse in part, and remand.
The first pleading contained in the record on appeal is a petition for a rule nisi Linda H. Gladden ("the former wife") filed with the trial court on February 18, 2004. The allegations in that pleading and the procedural history recited in some of the orders contained in the record on appeal indicate that the former husband initially sued the former wife for a legal separation; that the parties entered into a written Separation and Maintenance Agreement on July 9, 1998; that the trial court entered a judgment legally separating the parties and incorporating their Separation and Maintenance Agreement on July, 20, 1998; and that the Separation and Maintenance Agreement provided that the former wife would receive alimony in the amount of $2,000 per month for 10 years or until she remarried, a one-half interest in the parties' joint investments ("the investments"), a residence in Florida ("the Florida residence") and an attorney's fee. The allegations in the former wife's February 18, 2004, petition and the procedural history recited in several of the orders contained in the record on appeal further indicate that the trial court entered an order on April 18, 2003, finding the former husband to be in contempt for his failure to pay the former wife alimony and that the April 18, 2003, order sentenced the former husband to a suspended sentence of incarceration in jail for that contempt. Finally, the allegations in the former wife's February 18, 2004, petition and the procedural history recited in several of the orders contained in the record on appeal indicate that, in November 2003, the trial court entered a judgment granting the parties an absolute divorce and incorporating their Separation and Maintenance Agreement.
The former wife's February 18, 2004, petition sought an order from the trial court directing the former husband to show cause why he should not be held in contempt for, among other things, his failure to pay his monthly alimony payment, his failure to pay the attorney's fee awarded to the former wife in the divorce judgment, his failure to effectuate the division of the investments, and his failure to convey the Florida residence to the former wife. The petition also sought an award of an attorney's fee for the contempt proceeding.
The trial court held a hearing regarding the former wife's February 18, 2004, petition on March 9, 2004; however, the record on appeal does not contain a transcript of that hearing. On March 16, 2004, the trial court entered a written order regarding the March 9 hearing. In the March 16, 2004, order, the trial court found the former husband to be $9,832.32 in arrears in the payment of alimony, found the former husband to be in contempt for his failure to pay that $9,832.32 in alimony, ordered the former husband to pay the *Page 365 
arrearage of $9,832.32 within 30 days, ordered the parties to effectuate the division of the investments, and ordered the former husband to convey the Florida residence to the former wife. The March 16, 2004, order did not sentence the former husband to a term in jail for his contempt. The trial court reserved ruling on the other issues raised by the former wife in her February 18, 2004, petition pending a hearing set for April 28, 2004.
The record on appeal contains a transcript of the April 28 hearing. At that hearing, the trial court found the former husband to be in contempt for his failure to pay the alimony due in April 2004. The former husband attempted to argue that the former wife owed him money, but the trial court advised the former husband that, because he had not raised such a claim by a written motion, it was not before the court. The trial court further advised the former husband that his claim would be heard if he raised it in a written motion. The trial court further advised the former husband that it was sentencing him to incarceration in jail for his contempt but that it would suspend the sentence on the condition that the former husband pay his alimony arrearage. The trial court also advised the former husband that a pick-up order would be issued if the former husband failed to pay his alimony payment by the 10th day of each month. The former wife's counsel presented a proposed deed to the former husband that would convey his interest in the Florida residence to the former wife if he executed it; however, the former husband refused to execute the deed. The former husband's counsel orally moved the trial court for leave to withdraw upon the conclusion of the April 28 hearing, and the trial court granted the motion. The trial court stated that it was reserving ruling on the former wife's claims for attorney's fees and interest on the alimony arrearages.
On May 6, 2004, the former wife filed another petition for a rule nisi. In that petition, the former wife sought an order from the trial court directing the former husband to show cause why he should not be held in contempt for his refusal to execute a deed conveying his interest in the Florida residence to the former wife. The former wife also sought an order compelling the former husband to execute a deed conveying his interest in the Florida residence to the former wife.
On May 10, 2004, new counsel appeared for the former husband. On May 11, 2004, the trial court entered a written order regarding the April 28 hearing. The May 11 written order reiterated the trial court's oral rulings at the April 28 hearing. In addition, it set a hearing for June 23, 2004, regarding the former wife's claims for postjudgment interest on the former husband's alimony arrearages, her claims for attorney's fees, and her claim for an order compelling the former husband to execute a deed conveying his interest in the Florida residence to the former wife.
On May 14, 2004, the former husband, pursuant to Rule 59, Ala. R. Civ. P., moved the trial court to alter, amend, or vacate "the judgments heretofore entered in this case adjudging him to be in contempt of court."
On May 26, 2004, the former husband moved the trial court to postpone the hearing set for June 23, 2004, and the trial court granted the motion. The trial court reset the hearing for June 24, 2004. The record on appeal does not contain a transcript of the June 24 hearing. However, the record on appeal does contain a settlement agreement the parties executed on June 24 and filed with the court on June 25, 2004. The settlement agreement appears to resolve some, but not all, of the *Page 366 
remaining claims asserted by the former wife in her February 18, 2004, petition.
On August 17, 2004, the former husband filed an "amended" Rule 59(e) motion to alter, amend, or vacate "the judgments heretofore entered in this case adjudging him to be in contempt of court." As the grounds for this "amended" motion, the former husband alleged the identical grounds he had alleged in his original Rule 59(e) motion. Moreover, the relief he sought in the "amended" motion was identical to the relief he had sought in the original Rule 59(e) motion. On August 18, 2004, the trial court denied the former husband's "amended" Rule 59(e) motion.
On September 15, 2004, the former husband filed a "motion to reconsider" the denial of his "amended" Rule 59(e) motion. As a ground for that "motion to reconsider," the former husband asserted that he had advised the trial court at the April 28, 2004, hearing that he was claiming that the former wife owed him money. On September 24, 2005, the trial court entered a written order that stated:
 "This action is before the Court on the [former husband's] Motion to Reconsider, and the Court has considered the motion and [the] previous Amended Motion and the Court's Orders.
 "On April 28, 2004, this Court entered an Order holding the [former husband] in contempt on those issues that were before the Court. As stated by the [former husband] and pled in the Motion to Reconsider, those issues as to particular amounts of money claimed by [the former husband] from [the former wife] were not before the Court.
 "This Court cannot `reconsider' a matter that was not before the Court at trial and [the former husband] is precluded from raising those issues at this point in the proceedings.
 "ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that [the former husband's] Motion to Reconsider is and it is hereby denied."
On November 15, 2004, the trial court issued a pick-up order for the former husband because the former wife's counsel had informed the trial court that the former husband had not complied with the May 11, 2004, order. However, alleging that he was in compliance with that order, the former husband moved the trial court to set aside the pick-up order and requested a hearing on his motion. In response, the trial court vacated the pick-up order before it was served on the former husband and set the matter for hearing on November 24, 2004. On November 19, 2004, the former wife filed a pleading titled "Response to [the former husband's] Response to Pick-up Order and Sixth Petition for Rule Nisi and Request for Emergency Hearing." In this pleading, the former wife alleged that she still had not received the alimony payment due in November 2004, and she moved the trial court to order the former husband to show cause why he should not be held in contempt for his failure to pay the November 2004 alimony payment.
At the November 24, 2004, hearing, the former husband orally moved the trial judge to recuse himself because, the former husband argued, the trial judge could not adjudicate the case fairly as allegedly evidenced by prior rulings the trial judge had rendered that were adverse to the former husband. The trial court denied the former husband's motion seeking a recusal. The former husband then orally moved the trial court to "dismiss" the May 11, 2004, order finding the former husband to be in contempt. The trial court denied that motion. The former wife's counsel then represented to the trial court that the *Page 367 
former wife, who was not present at the hearing, still had not received the November 2004 alimony payment. The trial court ordered the former wife's counsel to submit an affidavit by the former wife regarding whether she had received the former husband's November 2004 alimony payment.
The trial court then received the former husband's testimony regarding the November 2004 alimony payment. He testified that he had mailed the November 24 alimony payment on November 4, 2004, although he had no knowledge whether the former wife had received the payment. He further testified that, after he learned that a pleading had been filed alleging that the former wife had not received the November 2004 alimony payment, he mailed another check in the amount of $2,000 to the former wife on November 19, 2004. The former husband admitted that he did not have any documentary evidence proving that he had mailed the alimony payment to the former wife on November 4.
The former husband also testified that he has heart disease and rheumatoid arthritis and has had a number of heart procedures. He testified that he is unable to work because of his health problems.
On December 3, 2004, the former wife submitted an affidavit in which she testified that she had not received the November 2004 alimony payment on or before November 10, 2004, and that she still had not received it on November 17, 2004, when her sixth petition for a rule nisi was filed.
On February 4, 2005, the trial court entered the February 2005 judgment from which this appeal arises. That judgment stated, in pertinent part:
 "This cause came before this Court on November 24, 2004, on the [former wife's] Sixth Petition for Rule Nisi and Request for Emergency Hearing.
 Present in court on said date were the [former wife's attorney]; [the former husband]; and [the former husband's attorney].
 "The basis of the [former wife's] Sixth Petition for Rule Nisi and Request for Emergency Hearing was an allegation of non-payment of alimony by the [former husband] due on November 1, 2004, and delinquent after November 10, 2004.
 "Upon a review of prior Orders in this case, and as alleged by the [former wife] in her aforementioned petition, the [former husband] has been held in contempt for the non-payment of alimony in three (3) prior Orders — specifically, April 18, 2003; March [16], 2004; and May [11], 2004.
 "In the prior Order entered April 18, 2003, the [former husband] was found to be in contempt for non-payment of alimony. The subject alimony payment(s) in that Order were also the subject of an April 3, 2003 Order ordering the [former husband] to pay any and all arrearages no later than April 15, 2003[.] [S]aid April 3, 2003 Order . . . was not complied with as set out therein. In the aforementioned April 18, 2003 Order, the [former husband] was sentenced to incarceration in the Fayette County Jail until such time as he purged himself of contempt and/or demonstrated to the Court his inability to pay; that sentence was suspended, affording the [former husband] an opportunity to pay one-half (½) of the arrears within five (5) days.
 "In the prior Order entered March [16], 2004, the [former husband] was found to have an alimony arrearage of $9,832.32, and was held in contempt for the same with no jail sentence.
 "Again on May [11], 2004, the [former husband] was found to be in contempt for non-payment of alimony, again sentenced *Page 368 
to incarceration in the Fayette County Jail, and that sentence again suspended conditioned on future compliance with all Orders of this Court.
 "The [former wife], who is a resident of West Palm Beach, Florida, was not present in Court, but through her attorney filed an Affidavit alleging that the payment due on November 1, 2004 and delinquent after November 10, 2004 was not received by her on November 10th, nor had it been received by November 17th, the date of execution of her Affidavit.
 "Prior to the taking of testimony on November 24, 2004, counsel for the [former husband] moved in open Court for the undersigned Judge's recusal. The [former husband] had previously filed a complaint against the undersigned judge with the Judicial Inquiry Commission[,] alleging similar grounds and facts. The Judicial Inquiry Commission dismissed the Complaint. Synopsis 98-686 of the Judicial Conduct and Ethics Reference Manual, State of Alabama Judicial Inquiry Commission, provides as follows:
 "`The mere fact that a party has filed a complaint against a judge with the Judicial Inquiry Commission is not grounds for a judge's disqualification. To be disqualified[,] the judge must be actually influenced by the filing of the complaint, or special circumstances must exist which causes the judge's impartiality to be reasonably questionable.'
 "The undersigned judge has not been influenced by the filing of the complaint and there are no special circumstances existing which cause the undersigned judge's impartiality to be reasonably questioned. Therefore, said motion was/is denied.
 "Counsel for the [former husband] also moved for a `dismissal' of the aforementioned May [11], 2004 contempt order. [The former husband's] counsel had previously filed a Motion to Set Aside, Alter, Amend or Vacate Judgment, and an Amended Motion to Set Aside, Alter, Amend or Vacate Judgment, both in regard to the May [11], 2004 Order. Both motions were denied by [another judge who previously presided in this case], and the time to appeal said Order had expired on November 24, 2004. Therefore, said oral `motion to dismiss' the May [11], 2004 Order was/is denied.
 "Any other pending motions in this case are denied.
 "Based upon the evidence presented, the prior contempt findings and suspended jail sentences, and the lack of credibility of the [former husband's] testimony and insufficient proof to convince this Court that the November 1, 2004 alimony payment was timely made or made at all,
 "IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED as follows:
 "1. The [former husband] is sentenced to five (5) days in the Fayette County Jail. The [former husband] shall report to the Fayette County Jail no later than 8:00 a.m. on Monday, February 7, 2005, and shall be released at 8:00 a.m. on Saturday, February 12, 2005. If the [former husband] fails to report to the Fayette County Jail on said date and time, he shall immediately be picked up by the Fayette County Sheriff's Department.
 "2. The [former husband] shall pay the [former wife's] attorney's fees associated with this action in the amount of $1,834.00. The [former wife] is hereby awarded a judgment against the [former husband] in the amount of $1,834.00. The [former wife] shall be paid said *Page 369 
attorney's fees in full no later than February 28, 2005.
 "3. The [former husband] is ordered to send any and all future payments to the [former wife] either via certified mail or overnight mail, beginning with the March 1, 2005 payment."
(Emphasis added.)
On appeal, the former husband first argues that the trial court erred because, he says, the trial court held that the prior contempt orders entered on April 18, 2003, March 16, 2004, and May 11, 2004, were final orders that could no longer be challenged because the time for appealing them had expired. We first note, however, that the only prior contempt order that the former husband challenged with his "motion to dismiss" was the May 11, 2004, contempt order. The former husband's "motion to dismiss" did not challenge the April 18, 2003, and March 16, 2004, contempt orders. Therefore, there is no adverse ruling regarding a challenge to those contempt orders for us to review.See Neal v. Neal, 856 So.2d 766, 778 (Ala. 2002) ("`The function of an appeal is to obtain judicial review of the adverse rulings of a lower court; thus, it is a well-settled rule that an appellate court's review is limited to only those issues that were raised before the trial court. Issues raised for the first time on appeal cannot be considered.' Beaversv. County of Walker, 645 So.2d 1365, 1372 (Ala. 1994) (citations omitted.)").
With respect to the May 11, 2004, contempt order, the former husband's argument has no merit. In Thomas v. Vanhorn,876 So.2d 488, 491 (Ala.Civ.App. 2003), this court held that an order adjudging a party guilty of contempt is a final, separately appealable judgment. Consequently, the trial court did not err in denying the former husband's "motion to dismiss" the May 11, 2004, contempt order on the ground that it was untimely. Moreover, even if the former husband's "motion to dismiss" had been timely, the former husband did not establish that his motion was meritorious. The only evidence the former husband introduced that purported to support his motion was his testimony that he was in poor health and was unable to work. However, the trial court, the sole judge of the witnesses' credibility at the November 24, 2004, hearing, found that the former husband's testimony was not credible. In Ex parteR.E.C., 899 So.2d 272, 279 (Ala. 2004), the supreme court stated:
 "`In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of the witnesses, and it should accept only that testimony which it considers worthy of belief.' Clemons v. Clemons, 627 So.2d 431, 434 (Ala.Civ.App. 1993)."
Thus, the trial court could have rejected the only evidence that purported to support the former husband's motion on the ground that it was not credible, and this court cannot substitute its judgment for that of the trial court in that regard. Id. Consequently, we could not reverse the denial of the former husband's "motion to dismiss" the May 11, 2004, contempt order even if it had been timely.
The former husband also argues that the trial court erred in finding him in contempt in the orders entered on April 18, 2003; March 16, 2004; and May 11, 2004.[1] However, those contempt orders were final, separately appealable orders. Thomas v.Vanhorn, supra. The former husband did not timely appeal them. *Page 370 
Therefore, this court does not have subject-matter jurisdiction to review them.
The former husband also argues that trial court erred in finding him guilty of contempt in the February 2005 judgment because, the former husband says, the trial court found him guilty of criminal contempt in the absence of evidence establishing his guilt beyond a reasonable doubt. The trial court did not expressly state whether it was finding the former husband guilty of criminal contempt or civil contempt. Therefore, we must determine whether the trial court found the former husband guilty of criminal contempt or civil contempt on the basis of the sentence the trial court imposed for the contempt. SeeDavenport v. Hood, 814 So.2d 268 (Ala.Civ.App. 2000). InDavenport, this court stated:
 "`Our supreme court discussed civil and criminal contempt in [State v. Thomas], 550 So.2d 1067, 1072 (Ala. 1989), and stated:
 "`"Contempts are characterized as either civil or criminal. Civil contempt seeks to compel or coerce compliance with orders of the court, while a criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience of orders of the court."
 "`"The sanction for civil contempt continues indefinitely until the contemnor performs as ordered. A critical distinction is that the sanction for criminal contempt is limited in Alabama district and circuit courts to a maximum fine of $100 and imprisonment not to exceed five days."
 "`(Citations omitted.)
 "`Our supreme court also stated in [State v. Thomas], 550 So.2d 1067, 1073:
 "`"The line between civil and criminal contempt can sometimes become blurred. . . ."
 "`"Confusion arises in attempts to classify civil and criminal contempts, because the elements often overlap. In appropriate circumstances, however, a party's actions can support a finding of both civil and criminal contempt."
 "`(Citations omitted.)
 "`. . . .
 "`The question of whether this is civil contempt or criminal contempt becomes important in this case because a contemnor must be in a position to purge himself from the contempt. Mims v. Mims, 472 So.2d 1063 (Ala.Civ.App. 1985). In order to purge himself in a criminal contempt case, the contemnor must pay the fine imposed, serve the authorized time, or do both. Kalupa v. Kalupa, 527 So.2d 1313
(Ala.Civ.App. 1988). In order to purge himself in a civil contempt case, the contemnor must comply with the court's order. Rule 33.4(b), [Ala.]R.Crim.P.'[2]
 "Hill v. Hill, 637 So.2d 1368, 1370
(Ala.Civ.App. 1994).
 "Civil contempt carries no definite term of imprisonment; the party jailed on a contempt charge `"`carries the [key] of his prison in his own pocket' [and] can end the sentence and discharge himself at any moment by doing what he had previously refused to do. "`Johnson v. State, 675 So.2d 512, 513
(Ala.Crim.App. 1995) (quoting Lightsey v. *Page 371 Kensington Mortgage Finance Corp., 294 Ala. 281, 285, 315 So.2d 431, 435 (1975)) (in turn quoting earlier cases, including In re Nevitt, 117 F. 448, 461 (8th Cir.1902))."
814 So.2d at 272-73.
Accordingly, because the trial court sentenced the former husband to a definite term of five days in jail rather than sentencing him to an indefinite jail term lasting until he paid the November 2004 alimony, we conclude that the trial court found the former husband guilty of criminal contempt. SeeDavenport. In L.A. v. R.H., 929 So.2d 1018, 1019
(Ala.Civ.App. 2005), this court stated:
 "In order to establish that a party is in criminal contempt of a court order, a contempt petitioner must prove beyond a reasonable doubt that the party against whom they are seeking a finding of contempt was subject to a `"lawful order of reasonable specificity, "`that the party violated that order, and that the party's violation of the order was willful. Ex parte Ferguson, 819 So.2d 626, 629
(Ala. 2001) (quoting United States v. Turner, 812 F.2d 1552, 1563 (11th Cir.1987))."
In the case now before us, the record establishes that, before the trial court found the former husband to be in criminal contempt in the February 2005 judgment, the trial court had entered a lawful order of reasonable specificity ordering the former husband to pay his monthly alimony payment on or before the 10th day of each month. Although the former husband testified that he mailed the November 2004 alimony payment on November 4, 2004, six days before it became delinquent, the trial court found that the former husband's testimony was not credible. Accordingly, the trial court, as the trier of the facts, could have found beyond a reasonable doubt that the former husband wilfully disobeyed the trial court's order requiring that he pay his monthly alimony payments on or before the 10th of each month and that the former husband attempted to conceal his criminal contempt by falsely testifying that he had complied with the order.
The former husband also argues that the trial court erred in denying his motion seeking the trial judge's recusal. "However, recusal is not required by the mere accusation of bias unsupported by substantial evidence." Henderson v. G GCorp., 582 So.2d 529, 530 (Ala. 1991). Because the former husband's motion seeking recusal was grounded upon a mere accusation of bias that was unsupported by substantial evidence, the trial court did not err in denying the motion.
Finally, the former husband argues that the trial court erred in awarding the former wife an attorney's fee in a criminal-contempt proceeding. "[I]n a criminal-contempt action, `the award of attorney's fees is not proper' and that part of the trial court's order purporting to award an attorney fee `must be considered as mere surplusage and severed from the judgment decree.'" Ex parte Collins, 860 So.2d 1259,1260 (Ala. 2003) (quoting State ex rel. Payne v. Empire LifeIns. Co. of America, 351 So.2d 538, 545 (Ala. 1977)). Accordingly, we reverse the February 2005 judgment insofar as it awarded the former wife an attorney's fee, we affirm the February 2005 judgment in all other respects, and we remand the case to the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The former husband also argues that the trial court erred in orally finding him in contempt at the hearing on April 28, 2004; however, that oral finding of contempt was superseded by the finding of contempt in the written order entered on May 11, 2004.
[2] "Rule 70A, Ala. R. Civ. P., now controls contempt proceedings arising out of civil actions, whether the contempt is civil contempt or criminal contempt." Ex parteFerguson, 819 So.2d 626, 629 (Ala. 2001) (footnote omitted). Rule 33, Ala. R.Crim. P., no longer governs contempt proceedings arising out of civil actions. See Ex parte J.R.W.,667 So.2d 88, 91 n. 3 (Ala. 1995). *Page 372