McMILLAN, Presiding Judge.
Poshua Meon Edwards was found guilty of escape in the third degree. The trial court sentenced him, as a habitual felony offender, to 21 years’ imprisonment. The State’s evidence tended to show the following. On May 24, 2005, Goodwater police officer Mike Rudd spotted Edwards, who was driving his automobile, and recognized him as the subject of a be-on-the-lookout bulletin (“BOLO”) issued earlier that day. Rudd contacted the police dispatcher and requested confirmation that there was a warrant for Edwards’s arrest. Based on his belief that there was a warrant, Rudd stopped Edwards’s vehicle. As he approached the vehicle, Rudd detected the smell of alcohol coming from the vehicle. The officer checked Edwards’s identification and had him perform several field-sobriety tests. Edwards then consented to a search of his car. Rudd confined Edwards in the patrol car while he conducted the search. Inside Edwards’s car, Rudd found a half-empty bottle of beer. The police dispatcher then responded to Rudd’s inquiry about the warrant for Edwards’s arrest. Rudd opened the door of the patrol car and stated: “Poshua, I’m going to have to place you [ ] under arrest because Coosa County has got a warrant for your arrest.” Edwards responded: “Coosa County don’t [sic] have an F’ing warrant on me.” He rushed from the patrol car, struggled with Rudd, and fled. Officers apprehended Edwards several months later.
Edwards contends that his arrest was illegal because the arresting officer did not have the arrest warrant in his personal possession at the time he attempted to arrest Edwards. He argues that the exceptions to the warrant requirement set out in § 15-10-3(a), Ala.Code, 1975, do not apply because the warrant was issued for contempt of court for failure to pay child support, which is not classified as a felony or a misdemeanor. The State notes that the present case cannot be factually distinguished from Johnson v. State, 675 So.2d 512 (Ala.Crim.App.1995), and that, since Johnson, the legislature has not amended § 15-10-3 to include lawful arrests without a warrant for failure to pay child support. The State asks this court to “take the appropriate action.”
In Johnson, this court held that the defendant’s arrest, which was based on a contempt citation for failure to pay child support, was illegal because the warrant was not for the commission of a felony or a *916 misdemeanor and the arresting officers did not have the warrant in their possession. We also stated:
“We recognize that the appellant may have fallen through a crack in our statutory law. It is unlikely that the legislature intended the result we now reach. However, § 15-10-3(a)(6) is unambiguous. ‘[W]hen the statute is plain and unambiguous, no room exists for judicial construction and this court must enforce the statute as written.’ Allen v. Hawes, 539 So.2d 273, 276 (Ala.Civ.App.1988).
‘We call upon the legislature to amend this statute so that what has occurred here will not occur in the future. If the legislature wants to create an additional ground for lawful arrest without a warrant for failure to pay child support, this case would serve as an example of a fact situation that might justify such a statute. We are keenly aware, however, that our branch of government is obliged to interpret and apply laws and not to make them.”
Johnson, 675 So.2d at 514. We again urge the legislature to amend § 15-10-3, so that situations like the present one will not continue to occur.
Section 13A-10-33(a), Ala.Code 1975, provides that “[a] person commits the offense of escape in the third degree if he escapes or attempts to escape from custody.” Section 13A-10-30(b)(l) defines custody as “[a] restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court.” Edwards’s arrest on the failure-to-pay-child-support warrant was not lawful. Therefore, Edwards was not in custody within the meaning of § 13A-10-33(a) when he fled.
For the foregoing reasons, Edwards’s conviction for escape in the third degree must be reversed and a judgment rendered in his favor on that charge.
REVERSED AND JUDGMENT RENDERED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.