MOORE, Judge.
 

 On May 5, 2008, Malvester Cooper (“the former wife”) filed in the Chilton Circuit Court a “petition for contempt rule nisi and for modification” against Daniel Cooper (“the former husband”). In her petition, the former wife requested that the trial court (1) order the former husband to appear and show cause why he should not be found in contempt of court for failing to comply with certain provisions of the parties’ divorce judgment, (2) modify the child-support provision of the parties’ divorce judgment, and (3) award her attorney fees and costs. The former husband
 
 *1260
 
 filed a response to the former wife’s petition on May 29, 2008.
 

 On August 1, 2008, the trial court entered a handwritten order on the case-action-summary sheet that states:
 

 “Show Cause called. Parties present. [The former husband] having filed Chapter 7 [bankruptcy] and was discharged. Court finds that [the former husband] has taken inconsistent positions and is judicially estopped to have had the protection of Chapter 7 and to have collected benefit under the Final Decree. Court further finds that [the former wife] lost $1100.00 due to tax capture to the benefit of the position of [the former husband]. Therefore, [the former husband] shall pay $1100.00 to [the former wife] in 60 days.”
 

 The handwritten order was initialed by the trial judge and was entered into the State Judicial Information System on August 1, 2008.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. On September 3, 2008, the former husband filed a “motion for reconsideration” of the August 1, 2008, order. On September 5, 2008, the former wife filed a “motion for formal order” requesting that the trial court enter a “formal order” because she needed it for tax purposes. On October 3, 2008, the former wife filed a “motion for contempt” alleging that the former husband had not paid the moneys the trial court had ordered him to pay in the August 1, 2008, order. The trial court subsequently entered a typewritten order on October 6, 2008, that is identical to the August 1, 2008, order. The former husband filed his notice of appeal to the Alabama Supreme Court on October 3, 2008; that court transferred the appeal to this court on December 1, 2008, based on a lack of appellate jurisdiction.
 

 The former wife, in her appellate brief to this court, asks this court to dismiss the former husband’s appeal because, she asserts, it was untimely filed. We dismiss the appeal, albeit based on a reason different than that asserted by the former wife.
 

 “[A] final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’ ”
 
 Dees v. State,
 
 563 So.2d 1059, 1061 (Ala. Civ.App.1990) (quoting
 
 Tidwell v. Tidwell,
 
 496 So.2d 91, 92 (Ala.Civ.App.1986)).
 
 [1]
 
 “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.”
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006). Neither the August 1, 2008, order on the case-action-summary sheet nor the October 6, 2008, typewritten order adjudicated the former wife’s claim for a modification of child support. The trial court’s failure to dispose of the former wife’s claim for a modification of child support renders the trial court’s August 1, 2008, and October 6, 2008, orders nonfinal.
 
 [2]
 
 Accordingly, we must dismiss the former husband’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The trial court did not find the former husband in contempt; therefore, the trial court’s orders were not immediately appealable.
 
 Gladden v. Gladden,
 
 942 So.2d 362, 369 (Ala. Civ.App.2005) (“an order adjudging a party guilty of contempt is a final, separately ap-pealable judgment”).
 

 [2]
 

 . We note that, had the August 1, 2008, order disposed of the former wife's claim for a
 
 *1261
 
 modification of child support, that order would have been final, and, accordingly, the former husband's "motion for reconsideration,” filed on September 3, 2008, which we interpret as a Rule 59, Ala. R. Civ. P., motion, would have been filed one day late,
 
 see
 
 Rule 6(a) and Rule 59, Ala. R. Civ. P., and would have resulted in the appeal being untimely.