MOORE, Judge,
concurring in the result.
The primary issue for our review is whether the Choctaw Circuit Court (“the trial court”) had before it sufficient evidence from which it could have determined beyond a reasonable doubt that Wendy Graham Ezell (“the mother”) committed criminal contempt by violating the visitation provisions of a 2002 judgment divorcing the mother from Christopher Graham (“the father”) as well as a pendente lite visitation order entered on August 25, 2011.
“ ‘Rule 70A(a)(2)(C)(ii) [, Ala. R. Civ. P.,] defines criminal contempt as “[wjillful disobedience or resistance of any person to a court’s lawful ... order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.” In order to establish that a party is in criminal contempt of a court order, a contempt petitioner must prove beyond a reasonable doubt that the party against whom they are seeking a finding of contempt was subject to a “ ‘lawful order of reasonable specificity,’ ” that the party violated that order, and that the party’s violation of the order was willful. Ex parte Ferguson, 819 So.2d 626, 629 (Ala.2001) (quoting United States v. Turner, 812 F.2d 1552, 1563 (11th Cir.1987)).’
“L.A. v. R.H., 929 So.2d 1018, 1019 (Ala.Civ.App.2005).”
Preston v. Saab, 43 So.3d 595, 599 (Ala.Civ.App.2010). A judgment finding that a party has committed criminal contempt may be affirmed only if the trial court reasonably could have determined that the “ ‘ “evidence is inconsistent with any reasonable hypothesis of [the alleged eontem-nor’s] innocence.” ’ ” Ex parte Ferguson, 819 So.2d 626, 629 (Ala.2001) (quoting United States v. Turner, 812 F.2d 1552, 1563 (11th Cir.1987), quoting in turn Gordon v. United States, 438 F.2d 858, 868 n. 30 (5th Cir.1971)).
The evidence in the record shows that the parties’ son did not visit with the father as required by the 2002 divorce judgment and the August 25, 2011, pendente lite order. The evidence further shows that the visitations did not occur because the son experienced severe and adverse emotional and physical reactions to visits with the father due to a variety of anxiety and other disorders and that the son did not want to visit with the father in order to avoid those consequences. The record contains no evidence (I concur that the report of the guardian ad litem should be disregarded) from which the trial court reasonably could have been convinced beyond a reasonable doubt that the visits did not occur due to the willful and contumacious conduct of the mother. See Shell- *987 house v. Bentley, 690 So.2d 401 (Ala.Civ.App.1997) (contempt judgment against custodial parent reversed because evidence showed that visits with noncustodial parent did not take place due to child’s decision to forego visitation and not due to any willful and contumacious conduct on part of custodial parent). Therefore, I agree that the judgment of contempt is due to be reversed.
I note that the trial court did not modify the visitation schedule established in the 2002 divorce judgment, except on a pen-dente lite or temporary basis. Thus, the visitation schedule established in the 2002 divorce judgment remains intact. The mother did not request a modification of the visitation provisions of the 2002 divorce judgment, and she does not argue on appeal that the visitation provisions should have been changed. Thus, this court is not being asked to decide whether the evidence supports a finding that maintaining the same visitation schedule serves the best interests of the child. Consequently, I do not join any aspect of the main opinion implying that the child no longer needs to visit with the father or that the trial court would have been authorized to terminate visitation.