L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from a determination of dependency of children.
In August 1987 Peggy Whitaker, a social worker for the Fayette County Department of Human Resources (DHR), filed a petition, alleging that Jon Marc Niver, age two and one-half years, and Rusty Niver, age one and one-half years, were dependent children in need of supervision because they were “without proper parental care and control necessary for [their] well-being.” A juvenile pick-up order was issued on August 13,1987, the same date that the petition was filed, and the children were picked up.
The seventy-two hour hearing was held on Friday, August 14, 1987. The parents and their attorney were present, as was the guardian ad litem appointed to represent the interest of the children. After a hearing, where both the parents and DHR presented witnesses, the court determined that the children were dependent and placed temporary custody, care, and control of said children with DHR, pending further order of the court. The parents appeal and raise three issues.
*1328 First, the parents contend that the juvenile court’s order should be reversed because they were not given sufficient notice of the hearing on the petition alleging dependency. The two children were picked up on the afternoon of Thursday, August 13, 1987, pursuant to a juvenile pick-up order issued by the juvenile judge. A copy of the order, which recited the same wording of the allegations contained in the petition, was given to the mother. The order stated the reason for the immediate assumption of custody by the State and notified the parent that a hearing would be held on the matter on August 14, 1987, at 9:00 A.M. at the Fayette County Courthouse. The parents and their attorney were present at the hearing with two witnesses who testified in their behalf.
The parents contend that the trial court erred to reversal when it did not serve upon them a summons at least twenty-four hours before the hearing. We find that sufficient notice was provided. The pick-up order stated the date, time, place, and reason for the hearing; and the parents, their attorney, and witnesses on their behalf appeared at the hearing. Worley v. Jinks, 361 So.2d 1082 (Ala.Civ.App.1978). Further, we find that the parents waived the service of a summons when they voluntarily appeared at the hearing without objection. Ala.Code (1975), § 12-15-53(e) (1986 Repl.Vol).
In a second issue the parents contend that the juvenile court committed reversible error because it failed to comply with Rule 24 of the Alabama Rules of Juvenile Procedure. From our review of the record we find that, at the beginning of the hearing, the attorney for DHR introduced all the parties present in court, their counsel, and the guardian ad litem representing the children. He also stated that the hearing was a seventy-two hour hearing on the petition filed by DHR alleging that the children were dependent because they are without proper parental care and control.
If a party contends that there was improper procedure at a hearing, that party must have brought it to the attention of the trial court either by an objection made at the hearing or by a proper and timely post-trial motion for such a contention to be properly considered on appeal. Centers v. Jackson County Department of Pensions & Security, 472 So.2d 1069 (Ala.Civ.App.1985); Embroy v. State Department of Pensions & Security, 450 So.2d 127 (Ala.Civ.App.1984). The parties were represented by counsel at all times. They were informed of the reasons for the hearing. They received reasonable procedural due process. They failed to raise objection as to the procedure either at the hearing or by post-trial motion. We find no error.
Finally, the parents contend that there was not clear and convincing evidence to support the trial court’s finding that the children were dependent and that their temporary custody should be placed with DHR. When the trial court has heard the testimony of the witnesses, its determination of fact is presumed correct and will not be disturbed on appeal unless so unsupported by the evidence as to be plainly and palpably wrong. Johnson v. State, 485 So.2d 1185 (Ala.Civ.App.1986). This court has previously determined that Ala.Code (1975), § 12-15-l(10)(m) (1986 Repl.Vol.), which defines the term “dependent child,” gives authority to the juvenile court to look at the totality of the circumstances when determining whether a child is dependent. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ. App.1986).
DHR has been involved with the Niver family for approximately two years. In this two-year period the children have suffered six serious or potentially serious accidents. Jon Marc was placed on a mechanical horse when he was approximately eight months old. He fell off and sustained a concussion which required hospitalization. Jon Marc has also fallen from the cab of a moving truck driven by his father.
The most recent incident involving the Niver family was when Rusty’s eye became so infected that it was necessary to hospitalize the child for a week after the mother failed to obtain the prescribed medication. *1329 The DHR social worker testified that she has been working with the Niver family for a year and that, during her visits with the Niver family, the children are “extremely filthy” and usually are not properly dressed; as an example, she indicated that in the winter she has seen the children out without shoes or coats. There was evidence that seven child abuse and neglect reports had been received on this family and all seven reports were founded.
The Niver family has moved five times in the past year and had been living in their present residence only two months at the time of the hearing. Further, the parents are poor money managers and have found it necessary to file bankruptcy. While it appears that this necessity to file bankruptcy was caused by the father’s being hospitalized five times, there was evidence that the parents had spent several hundred dollars training the family dog when this money could have been used for needs of the family.
Mrs. Whitaker testified that DHR has attempted to counsel with the parents concerning money management and better parenting skills. However, she indicated that the parents have not heeded any of DHR’s suggestions because they are unable to understand that they are not providing for the children or providing proper supervision.
This court does not look lightly upon removal of children from the custody of parents, but, considering the totality of the circumstances, we find that there was clear and convincing evidence to support the trial court’s finding of present dependency. We emphasize that this is not a situation where parental rights have been terminated. After the seventy-two hour hearing the juvenile court placed temporary custody of the two children with Fayette County DHR, pending further order of the court. If the circumstances warrant it, these children will be returned to their parents’ custody.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.