The Birmingham Board of Education ("the Board") appeals from a permanent injunction entered by the Jefferson Circuit Court. We dismiss the appeal.
Dorothy Boyd is a school-bus driver for the Board. On August 13, 2002, the Board proposed to terminate Boyd's employment because she was no longer insurable on account of extensive traffic violations and minor accidents. On October 8, 2002, Boyd filed a complaint in the Jefferson Circuit Court seeking a declaratory judgment, damages for breach of contract, and injunctive relief.[1] Specifically, Boyd alleged that the Board failed to give her proper notice of her rights regarding the proposed termination. Boyd also alleged that the Board's termination policy violated §§ 36-26-103 and -104, Ala. Code 1975, a part of the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975; the Alabama Constitution of 1901; and the due-process requirements discussed in Allenv. Bessemer State Technical College, 703 So.2d 383 (Ala.Civ.App. 1997).
The Board filed a motion to dismiss Boyd's complaint. In the motion, the Board asserted that Boyd had failed to exhaust all of her administrative remedies under the Fair Dismissal Act. Further, the Board stated that its termination policy (policy no. 3121) conformed with the due-process requirements of Cleveland Board of Education v. Loudermill,470 U.S. 532 (1985), and that the due-process requirements articulated inAllen were inapplicable in this case.
On October 29, 2002, the date set for the Board's administrative hearing, the trial court granted a preliminary injunction mandating that the Board conduct Boyd's termination hearing in compliance with several specific procedural requirements. The Board canceled the hearing and subsequently filed a motion for a summary judgment and a motion to dissolve the preliminary injunction, or, alternatively, to clarify the injunction. In its summary-judgment motion, the Board reasserted its claims that its procedures in terminating Boyd were adequate and lawful. Further, the Board stated that it could have proceeded with Boyd's termination hearing without violating the injunction, but that it refrained from doing so to obtain clarification about the requirements of the injunction. The trial court denied the Board's motions, stating that the Board's termination policy was ambiguous and inadequate according to the requirements set *Page 594 
out in Allen.[2] Four months after it denied the Board's summary-judgment motion, the trial court entered an order making the preliminary injunction permanent. Throughout this litigation, Boyd has been suspended with pay; her termination was never effectuated.
The Board appeals from the permanent injunction, raising two issues. However, we do not reach those issues. We dismiss the appeal because it does not present a justiciable controversy.
The Board stated in both its summary-judgment motion and its initial brief to this Court that the trial court's preliminary injunction would not have been violated had the Board conducted Boyd's termination hearing. In its summary-judgment motion, the Board stated:
 "In fact, the Board continued Boyd's hearing which had been set for October 29, 2002 upon its receipt of [the trial] court's Order, not because it felt that the hearing it intended to provide Boyd would have been in violation of [the trial] court's Order, but rather . . . the Board determined that it could not proceed with the hearing without further direction from [the trial] court."
(Emphasis added.) In its brief to this Court, the Board stated:
 "While the Board believed that it could have proceeded with the hearing set for October 29, 2002, without violating the order, it continued the hearing to avoid any misunderstanding as to the requirements of the order."
(Board's Brief, p. 5.) (Emphasis added.) The Board later asserted in its reply brief that the injunction prevented the Board from conducting Boyd's termination hearing:
 "The Board has been enjoined from moving forward with a hearing to terminate one of its employees unless it complies with the terms of an injunction, some of which it believes to be inappropriate."
(Board's Reply Brief, p. 4.) (Emphasis added.)
The Board's later statement in its reply brief is clearly inconsistent with its earlier statements. We do not permit new matters to be raised for the first time in a reply brief. Giambrone v. Douglas,[Ms. 1020234, August 1, 2003] 874 So.2d 1046 (Ala. 2003). Even if we were disposed to do so, the injunction was not attacked in the trial court on the basis that some of its terms were "inappropriate." We cannot reverse the trial court's judgment on grounds not presented to the trial court. See Sandersv. Smitherman, 776 So.2d 68, 73 n. 4 (Ala. 2000). Consequently, the Board's position before this Court is the position asserted in its initial brief that "it could proceed with the hearing set for October 29, 2002, without violating the order."
A justiciable controversy is a prerequisite to this Court's subject-matter jurisdiction. Ex parte James, 836 So.2d 813, 825 (Ala. 2002). A case is justiciable when the party "`has been injured in fact.'"Kid's Care, Inc. v. Alabama Dep't of Human Res., 843 So.2d 164, 166
(Ala. 2002) (quoting State v. 2018 Rainbow Drive, 740 So.2d 1025, 1027
(Ala. 1999)). Moreover, a justiciable controversy requires the parties to seek remedies from having sustained damage as opposed to seeking advice from the Court. Siegelman v. Alabama Ass'n of Sch. Bds., 819 So.2d 568,576 (Ala. 2001). See also State ex rel. *Page 595 Baxley v. Johnson, 293 Ala. 69,75, 300 So.2d 106, 111 (1974).
The Board contends in its reply brief that this Court has previously determined that it had subject-matter jurisdiction in such cases and given guidance as to the interpretation of injunctions.
The Board cites Auburn University v. Advertiser, Co., [Ms. 1002096, May 23, 2003] 867 So.2d 293 (Ala. 2003), as authority. This case, however, is distinguishable from Auburn University. In that case the defendants appealed a judgment awarding both injunctive and declaratory relief. This Court therefore properly addressed the defendants' rights and responsibilities. Furthermore, an actual controversy existed in AuburnUniversity because the defendants did not claim that they could proceed with their intended actions without violating the injunction. The Board's appeal essentially asks this Court to give it advice on the appropriate manner in which to terminate its employees where it has acknowledged that the procedural requirements in the injunction for terminating Boyd's employment are consistent with its termination procedures. Such advisory rulings are not a proper function of this Court.
The Board has shown no cognizable injury or damage as a result of the injunction. Here, the principal damage suffered by the Board is the continuation of Boyd's employment with pay. Under the circumstances here presented, the issuance of the injunction is not the source of the injury. After the issuance of the preliminary injunction, the Board filed a motion for a summary judgment and a motion seeking clarification of the injunction,[3] at which time, as previously noted, the Board acknowledged that its policies and procedures complied with those mandated by the injunction. The Board's failure to proceed with the termination hearing initially scheduled for October 29, 2002, cannot, therefore, be attributed to the issuance of the injunction.
Whether further proceedings seeking declaratory relief regarding its termination policy are available to the Board and whether the injunction is specific enough to support a citation of contempt are issues that are not presently before us. Because the Board's appeal does not present a justiciable case or controversy, it is due to be dismissed.
APPEAL DISMISSED.
HOUSTON, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
[1] Boyd's original complaint listed Dock Stanford as a co-plaintiff and the Board and Wayman Shiver as codefendants. Stanford is no longer a party to this action because the termination of his employment was rescinded. Shiver, the superintendent of the Board at the time of Boyd's suspension, is not a party to this appeal. Boyd contends that Shiver's failure to file a notice of appeal justifies a dismissal of the appeal as to him. The Board points out that the trial court's injunction applies only to the Board. We need not reach this issue, however, because we dismiss the appeal on another ground.
[2] The Board petitioned for a permissive appeal of the trial court's denial of its summary-judgment motion, pursuant to Rule 5, Ala.R.App.P. This Court denied that petition. Ex parte Birmingham Bd. of Educ. (No. 1020389, January 9, 2003).
[3] While the trial court denied the motion for clarification, we are not asked to reverse the injunction for want of specificity as to the act or acts sought to be restrained. See Rule 65(d)(2), Ala.R.Civ.P., andMcKenzie v. Commalander, 549 So.2d 476 (Ala. 1989).