In case no. 1041643, Gulf Beach Hotel, Inc., d/b/a Perdido Beach Resort ("Gulf Beach"), appeals from the denial of its motion for leave to intervene for the purpose of challenging jurisdiction in a declaratory-judgment action filed by the State of Alabama in the Baldwin Circuit Court. We dismiss the appeal. In case no. 1050044, Gulf Beach petitions this Court for a writ of mandamus directing the Baldwin Circuit Court to vacate its order making Gulf Beach a party to the State's declaratory-judgment action pursuant to Rule 19, Ala. R. Civ. P., and to dismiss that action for lack of subject-matter jurisdiction. We grant the petition and issue the writ.
The State's declaratory-judgment action was filed by the district attorney of Baldwin County on May 27, 2005. According to the complaint, the action was brought "at the request of the Governor of the State of Alabama." The district attorney is given authority to commence an action on behalf of the State by §6-5-1(b), Ala. Code 1975. Named as defendants were the Gulf State Park Authority, Inc. ("the Authority"); the Alabama Department of Conservation and Natural Resources ("the Department"); Barnett Lawley, in his official capacity as Commissioner of Conservation and Natural Resources; and Auburn University. The complaint states, in toto, as follows:
 "1.) The Plaintiff is the District Attorney of Baldwin County, Alabama, and brings this action pursuant to Alabama Code Sections 6-5-1; 6-6-220 et seq.; 12-17-184 (1975), at the request of the Governor of the State of Alabama and on behalf of the citizens and taxpayers of Baldwin County, Alabama.
 "2.) The defendant, Alabama Department of Conservation and Natural Resources (hereinafter `Conservation') is an agency of the State of Alabama with its principal office located in Montgomery, Alabama and it is a State agency responsible for the operation and maintenance of the Gulf State Park which is located in Baldwin County, Alabama.
 "3.) Barnett Lawley is the Commissioner of the Alabama Department of Conservation and Natural Resources.
 "4.) The Gulf State Park Authority (hereinafter `Authority') is an Alabama non-profit corporation doing business in Baldwin County, Alabama.
 "5.) Defendant Auburn University (hereinafter `Auburn') is an institution of higher learning and a `body corporate' and is operated by agents of the State of Alabama. Code of Alabama § 16-48-1. Auburn University is located in Lee County, Alabama. *Page 1180 
 "6.) Venue is proper in Baldwin County, Alabama because the subject matter of this action involves real estate located in Baldwin County, Alabama.
 "7.) The Plaintiff requests that the Court determine whether the proposed agreement between Conservation and Auburn concerning property located in Baldwin County, complies with all statutory requirements and that any and all statutory requirements are constitutional.
 "8.) Alabama citizens and taxpayers, including but not limited to citizens and taxpayers of Baldwin County, have expressed concerns to the Plaintiff regarding the legality of the proposed transaction between Conservation and Auburn and whether the proposed transaction is in compliance with Alabama statutory requirements and that said statutory requirements are constitutional. Under the proposed agreement, which is attached hereto as Exhibit A, Conservation would lease to Auburn a tract of land, which was formerly a part of Gulf State Park.
 "9.) Alabama Code section 9-14-27 (1975) states that:
 "`No concession contract shall be granted, the term of which exceeds six years, unless the concessionaire is required by the terms of the contract to expend major monetary sums for the purpose of improving, furnishing, equipping or enlarging existing facilities or constructing and or furnishing additional facilities on the concession premises. In the event such major expenditures are made by [a] concessionaire, the term of his concession contract may be extended, but in no event exceed [12] years.'
 "10.) Alabama Code section 9-14-2 (2001) states:
 "`All parks . . . now owned or hereafter established or acquired by the State shall constitute the State Park system . . . [;] provided, that nothing in this section shall be construed as restricting or limiting in any manner the power and authority now granted by law to the Commissioner of Conservation and Natural Resources to sell, lease or exchange any park . . . now owned or hereafter acquired by the State.'
 "11.) Plaintiff would represent to the Court that a justifiable controversy exists as to whether Alabama Code Section 9-14-27 limits the number of years that a concession contract may be entered into regarding properties located at the Gulf State Park or whether Alabama Code Section 9-14-2 allows Conservation, without restriction, to sell or lease or exchange property.
 "12.) Section 93 of Article IV of the Official Recompilation of the Alabama Constitution of 1901 as amended provides that the State shall not lend money or credit to aid in any individual, association, or corporation.
 "13.) The Plaintiff would represent to the court that a justifiable controversy exists as to whether the proposed agreement between Conservation with Auburn violates Section 93 of Article IV of the Official Recompilation of the Alabama Constitution of 1901 as amended as it forbids the State from becoming interested in private enterprise.
 "14.) The Plaintiff would represent that a justifiable controversy exists as to whether or not Alabama Code Section 9-14B-1 et seq. which creates the Gulf State Park Authority violates Section 93 of Article IV of the Official Recompilation of the Alabama Constitution 1901 as amended as it causes the State of Alabama to become interested in a private enterprise i.e., a hotel/convention center for profit and allows the State to lend its *Page 1181 
money or credit in violation of said constitutional section.
 "15.) Article XI of the Alabama State Constitution § 213.32 (Amend. 617) states in pertinent part as follows:
 "`Such acquisition, provision, construction, improvement, renovation, equipping and maintenance of the State Park[s] System, shall be completed at the direction of the Alabama State Park[s] [S]ystem [I]mprovement [C]orporation with the advice and concurrence of the Joint Legislative Committee on State [P]arks, and all state park system land and facilities, except for existing concessions [sic], concession operations or other existing permitted operations, shall thereafter be exclusively and solely operated and maintained by the Department of Conservation and Natural Resources.'
 "16.) The Plaintiff would represent to the Court that a justifiable controversy exists as to whether Article XI, § 213.32 (Amend. 617) is applicable to the property which is the subject of the proposed agreement between Conservation and Auburn.
 "17.) The Plaintiff would further represent that if Article XI § 213.32 of the Alabama Constitution is applicable to the proposed transaction between Conservation and Auburn that said agreement would be in violation of the Alabama State Constitution.
 "18.) Alabama Code Section 9-15-70, provides the statutory requirements for the sale of lands owned by the State of Alabama.
 "19.) The Plaintiff would represent that a justifiable controversy exists as to whether or not Alabama Code Section 9-15-70 controls the lease of property subject to the agreement and whether or not such lease falls within the exemptions set forth in Alabama Code Section 9-15-82.
 "20.) Alabama Code Section 9-14-20 requires that Conservation advertise for sealed bids on all concessions within the State parks of Alabama and that invitations to bid will also be given by sending notices to all persons, firms or corporations who have filed a request to be solicited for bids or concessions within the State park system.
 "21.) No bids were solicited prior to the proposed agreement between Conservation and Auburn.
 "22.) The Plaintiff would represent that a justifiable controversy exists as to whether or not the proposed agreement between Conservation and Auburn regarding land to be leased to Auburn is subject to the bid requirements of Alabama Code Section 9-14-20.
 "23.) The proposed agreement between Conservation and Auburn delegates the operation and maintenance of State land to a government entity and a private corporation other than Conservation.
 "24.) The Plaintiff would represent that a justifiable controversy exists as to whether or not this part of the proposed agreement violates Article XI of the Alabama State Constitution § 213.32 (Amend. 617).
 "25.) The Plaintiff would represent that the proposed agreement between the parties if otherwise valid must be entered into with proper notice to the public in an open meeting.
 "26.) The Plaintiff would represent that a justifiable controversy exists as to whether Alabama Code Section 13A-14-2, was complied with and whether compliance is required when Conservation and Auburn enter into this agreement.
 "27.) The Plaintiff would represent to the Court that the Attorney General has been served with a copy of this *Page 1182 
complaint pursuant to Alabama Code Section 6-6-227
(1975) as the Plaintiff alleges the Gulf State Park Act to be unconstitutional.
 "28.) The Attorney General of the State of Alabama has issued an opinion regarding many of the matters set forth in this Complaint and has stated that in his opinion the agreement between Conservation and Auburn and a private corporation is constitutional and in accordance with the laws of the State of Alabama. A copy of the opinion is attached hereto as Exhibit B.
 "29.) The Plaintiff would represent that it would be in the best interest of the taxpayers and citizens of Baldwin County and the parties hereto that the Court make a declaration of rights and status of all parties hereunder.
 "30.) A justifiable controversy exists among the parties concerning the legality and constitutionality of the proposed transaction between Conservation and Auburn.
 "WHEREFORE, the Plaintiff requests that the Court will take expedited action in this case and set the matter for a hearing forthwith. Upon hearing this Complaint the Plaintiff requests that the Court render a final judgment and decree finding and determining whether the transaction between Conservation and Auburn complies with all statutory and constitutional requirements and that whether or not all proceedings in furtherance of the agreement are legal and binding. The Plaintiff would further request that the Court grant any and all further and different relief to which the Plaintiff is entitled."
(Exhibits omitted in this opinion; emphasis added.)
On July 13, 2005, Gulf Beach filed a motion for leave to intervene in the State's declaratory-judgment action. According to the motion, it was "for the sole and limited purpose of moving for leave to intervene . . . in order to file a motion to dismiss . . . or in the alternative to transfer [the] action to the circuit court for Montgomery County." On July 22, 2005, the trial court denied Gulf Beach's motion for leave to intervene. Gulf Beach timely appealed from that order (case no. 1041643).
On July 21, 2005, the defendants filed a motion, pursuant to Ala. R. Civ. P. 19, requesting that Gulf Beach be joined as a plaintiff in the declaratory-judgment action. On that same date, the State filed a motion for leave to amend its complaint to add Gulf Beach as "a plaintiff, involuntary plaintiff, or defendant." On July 22, 2005, the trial court denied the defendants' motion to join Gulf Beach as a plaintiff. However, on August 2, the trial court granted the State's motion, thereby making Gulf Beach a party to the State's declaratory-judgment action. Gulf Beach subsequently filed a motion challenging its joinder, which the trial court denied. Gulf Beach then petitioned this Court for mandamus relief (case no. 1050044).
"There must be a bona fide justiciable controversy in order to grant declaratory relief. If no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction."Durham v. Community Bank of Marshall County, 584 So.2d 834, 835
(Ala. 1991) (citations omitted). Where "the trial court ha[s] no subject-matter jurisdiction, [it has] no alternative but to dismiss the action." State v. Property at 2018 Rainbow Drive,740 So.2d 1025, 1029 (Ala. 1999). "`Any other action taken by a court lacking subject matter jurisdiction is null and void.'"Id. (quoting Beach v. Director of Revenue, 934 S.W.2d 315,318 (Mo.Ct.App. 1996)). The dispositive issue in these cases is whether the State's complaint alleges a justiciable *Page 1183 
controversy between the defendants and the State.
This Court has recognized that a purpose of the Declaratory Judgment Act, codified at §§ 6-6-220 through -232, Ala. Code 1975, is "to enable parties between whom an actual controversy exists or those between whom litigation is inevitable to have the issues speedily determined when a speedy determination would prevent unnecessary injury caused by the delay of ordinary judicial proceedings." Harper v. Brown, Stagner, Richardson,Inc., 873 So.2d 220, 224 (Ala. 2003) (some emphasis added). Further, "[w]e have recognized that a justiciable controversy is one that is `"definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment]."' MacKenzie v. First Alabama Bank,598 So.2d 1367, 1370 (Ala. 1992) (quoting Copeland v. Jefferson County,284 Ala. 558, 561, 226 So.2d 385, 387 (1969))." Harper,873 So.2d at 224 (emphasis added). Thus, the Declaratory Judgment Act does not "`"empower courts to decide . . . abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases."'" Bruner v. Geneva County Forestry Dep't,865 So.2d 1167, 1175 (Ala. 2003) (quoting Stamps v. Jefferson County Bd.of Educ., 642 So.2d 941, 944 (Ala. 1994), quoting in turn Townof Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662
(1963)) (emphasis added in Stamps).
In determining whether the State's complaint alleges a bona fide justiciable controversy, we "must accept the allegations of the complaint as true," and "must also view the allegations of the complaint most strongly in [the State's] favor." Harper,873 So.2d at 223. Having done so, we conclude that the State's complaint fails to allege a justiciable controversy between the defendants and the State. Indeed, the State's declaratory-judgment action is, in essence, nothing more than an action by the State against itself seeking an advisory opinion from this Court.
The Authority is "a public corporation and instrumentality of the state." § 9-14B-4(a), Ala. Code 1975. The Department is "an executive and administrative department" created "to enable the Governor to exercise a direct and effective control over the natural resources, state parks and historical sites of the state." § 9-2-1, Ala. Code 1975. The Commissioner is "appointed and . . . hold[s] office at the pleasure of the Governor," and serves as "the advisor of the Governor." § 9-2-5, Ala. Code 1975. Finally, Auburn University, "a body corporate" consisting of the Governor, the State Superintendent of Education, and the trustees of Auburn University, § 16-48-1, Ala. Code 1975, "is an instrumentality of the State." Rigby v. Auburn Univ.,448 So.2d 345, 347 (Ala. 1984). Consequently, it is inarguable that the State's declaratory-judgment complaint does not allege any controversy between parties whose legal interests are adverse. Instead, it reflects only the State's own uncertainty concerning the legality of the proposed transaction between the Department and Auburn University. While it might be convenient for this Court to address the issues raised by the State, this Court is not empowered by the Declaratory Judgment Act to give advisory opinions, and it will not do so.
"A void judgment will not support an appeal." Baldwin Countyv. Bay Minette, 854 So.2d 42, 47 (Ala. 2003) (citing Stamps,642 So.2d at 945). Likewise, a void order will not support an appeal. Therefore, Gulf Beach's appeal is dismissed. *Page 1184 
The trial court's order purporting to add Gulf Beach as a party is void for lack of subject-matter jurisdiction. Thus, we grant Gulf Beach's petition for writ of mandamus and direct the Baldwin Circuit Court to vacate that order. Further, we direct the trial court to dismiss the State's declaratory-judgment action for lack of subject-matter jurisdiction.
1041643 — APPEAL DISMISSED.
1050044 — PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
SEE, J., concurs in the result.
LYONS, J., recuses himself.