972 So.2d 804 (2007)
S.A.T.
v.
E.D.
2060164.
Court of Civil Appeals of Alabama.
May 11, 2007.
*805 Karen H. Jackson, Prattville, for appellant.
B. Diane Paris, Montgomery, for appellee.
BRYAN, Judge.
S.A.T. ("the mother") appeals a judgment insofar as it modified the child-support obligation of E.D. ("the father") from 8365 per month to $175 per month, found the mother in contempt, and awarded the father an attorney's fee in the amount of $250. We dismiss the appeal in part and affirm the judgment in part.
The father and the mother, who have never been married, had one child together. That child was born in November 1993. The father resides in Lawrenceville, Georgia, and the mother resides in Montgomery, Alabama.
*806 On November 3, 2005, the father petitioned the juvenile court to find the child dependent. As grounds, the father alleged that the mother had mentally and emotionally abused the child by denying the child communication and contact with the father. The father also alleged that, although a Texas court had previously adjudicated the issue of child support, there had been no adjudication regarding the custody of the child. In addition to the adjudication of dependency, the father sought an award of joint legal and joint physical custody of the child and an award of pendente lite and regular visitation rights with the child.
The father subsequently amended his petition to eliminate his claim seeking joint physical custody. In that amended petition, the father alleged that the mother had not permitted the father to visit with the child.
On December 15, 2005, the juvenile court entered a pendente lite order awarding the father visitation during every third weekend and the Christmas holidays. That order also directed the parties to meet for visitation exchanges at the Alabama-Georgia state line or any other place the parties agreed upon.
On April 20, 2006, the father petitioned the juvenile court to find the mother in contempt. As grounds, the father alleged that the mother had violated the December 15 order by refusing to meet at the Alabama-Georgia state line for visitation exchanges,
The mother responded by filing a pleading titled, in part, "Motion to Strike Petitioner's Motion for Contempt." In that pleading, the mother denied that she had willfully violated the December 15 order and alleged that she could not travel to the Alabama-Georgia state line for visitation exchanges due to a back injury and that the parties had agreed to make visitation exchanges in Montgomery. The mother attached, among other things, her physician's affidavit stating that the mother's back pain prevents her from sitting for prolonged periods of time.
The juvenile court then held a hearing on the father's petitions. At the conclusion of the hearing, the juvenile court orally rendered its ruling. The juvenile court found the mother in contempt for failure to comply with the visitation provisions of the December 15 order, modified the father's child-support obligation' by reducing it from $365 per month to $175 per month, and awarded the father an attorney's fee in the amount of $250.
The juvenile court subsequently entered a written judgment. That judgment awarded the mother primary physical custody; awarded the parties' joint legal custody; awarded the father visitation rights; modified the father's child-support obligation by reducing it to $175 per month; awarded the father an attorney's fee in the amount of $250 for the contempt proceeding; and denied the father's petition seeking an adjudication of dependency. The mother appealed to this court without filing a postjudgment motion in the juvenile court.
The mother first argues that the juvenile court erred in modifying the father's child-support obligation because it did so in the absence of a registered Texas child-support judgment pursuant to the provisions of the Uniform Interstate Family Support Act ("UIFSA"), codified at § 30-3A-101 et seq., Ala.Code 1975.
Generally, the court will not consider arguments the appellant did not first present to the trial court. State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 821 (Ala.2005) ("This Court cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court for consideration or were raised for the first time on *807 appeal."). However, in this instance, although the mother failed to present to the juvenile court her argument that the father's child-support obligation could not be modified in the absence of registering the Texas child-support judgment, we will consider that argument because it challenges the juvenile court's subject-matter jurisdiction to modify the father's child-support obligation. Challenges to subject-matter jurisdiction may be raised for the first time on appeal, because "`a lack of jurisdiction cannot be waived.' Takao v. Zoning Bd. of Adjustment of Birmingham, 656 So.2d 873, 874 (Ala.Civ.App.1995)." Morgan v. Morgan, 964 So.2d 24, 28 (Ala. Civ.App.2007).
Section 30-3A-601, Ala.Code 1975, states: "A support order or an income-withholding order issued by a tribunal of another state may be registered in this state for enforcement." Moreover, the Official Comment to § 30-3A-601 states:
"The common practice under the [Revised Uniform Reciprocal Enforcement of Support Act[1]] was to initiate a new suit for the establishment of a support order, even though there was an existing order for child support. That practice is specifically rejected by UIFSA. . . .
"Under the one-order system of UIFSA, only one existing order is to be enforced prospectively. . . . Registration of [a child-support] order in "the responding state is the first step to enforcement by a tribunal of that state. Rather than being an optional procedure, . . . registration for enforcement under UIFSA is the primary method for interstate enforcement of child support."
(Emphasis added.) Therefore, when a court of another state has issued a valid child-support order, in order for an Alabama court to exercise subject-matter jurisdiction over a child-support-modification petition, the foreign child-support order must be registered in Alabama.
"Register" as defined in § 30-3101(15), Ala.Code 1975, "means to file a support order or judgment determining parentage with the clerk of the appropriate court." Additionally, § 30-3A-603(a), Ala.Code 1975, provides: "A support order or income-withholding order issued in another state is registered when the order is filed in the appropriate court of this state." See Wall v. Borosky, 850 So.2d 351, 356 (Ala.Civ.App.2002) (concluding that foreign child-support orders were registered in Alabama when the party sought to domesticate those foreign judgments in an Alabama court).
In the case now before us, there is nothing in the record to establish that either the father or the mother registered the Texas child-support judgment in Alabama. Consequently, the juvenile court could not exercise subject-matter jurisdiction over the issue of child support. A judgment entered by a court that lacks subject-matter jurisdiction is void. Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1183 (Ala.2006). Such a judgment will not support an appeal. Id. Therefore, we dismiss the mother's appeal insofar as she appeals the juvenile court's purported modification of the father's child-support obligation, and we instruct the juvenile court to vacate that portion of its judgment that modifies the father's child-support obligation.
The mother also argues that the juvenile court erred by entering its December 15, 2005, pendente lite visitation order without affording the mother notice *808 and an opportunity to be heard. However, we have previously stated:
"`If a party contends that there was improper procedure at a hearing, that party must have brought it to the attention of the trial court either by an objection made at the hearing or by a proper and timely posttrial motion for such a contention to be properly considered on appeal.' Niver v. State Dep't of Human Res., 521 So.2d 1326, 1328 (Ala.Civ.App. 1987); see also Ex parte Linnell, 484 So.2d 455 (Ala.1986); and Embroy v. State Dep't of Pensions & Sec., 450 So.2d 127 (Ala.Civ.App.1984)."
KS. v. G.A.B., 911 So.2d 1085, 1095 (Ala. Civ.App.2005). "We cannot reverse the trial court's judgment on grounds not presented to the trial court. See Sanders v. Smitherman, 776 So.2d 68, 73 n. 4 (Ala. 2000)." Birmingham Bd. of Educ. v. Boyd, 877 So.2d 592, 594 (Ala.2003). See also Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) ("This Court cannot consider arguments raised for the first time on appeal. . . ."). Because the mother failed to argue to the juvenile court that it had erred by entering an ex parte visitation order, we cannot consider that argument. Therefore, we cannot conclude that the juvenile court erred on that ground.
The mother also argues that the juvenile court's contempt judgment is not supported by sufficient evidence. Although the mother failed to present this argument to the juvenile court either during the hearing or by a postjudgment motion, our supreme court has previously stated:
"`"If a court makes findings of fact in a nonjury case, Rule 52(b), Ala. R. Civ. P., excuses the losing party from objecting to the findings or moving to amend them or moving for a judgment or a new trial as a predicate for an appellate attack on the sufficiency of the evidence."'"
Weeks v. Herlong, 951 So.2d 670, 676 (Ala. 2006) (quoting New Props., L.L.C. v. Stewart, 905 So.2d 797, 800 (Ala.2004) (quoting in turn Ex parte James, 764 So.2d 557, 561 (Ala.1999) (Lyons, J., concurring in the result))). In its contempt judgment, the juvenile court made no specific findings of fact regarding its reasons for finding the mother in contempt. Therefore, we must ascertain whether the juvenile court made findings of fact during the contempt proceeding.
The following colloquy took place during the contempt proceeding:
"The Court: Okay. Well, the problem here, ma'am, is that you haven't complied with visitation because you're saying that you can't drive there because of your back, is that right?
"[The mother]: Yes.
"The Court: So what I can do is I'm going to work it and [ya'll] have a new visitation schedule worked out, so I understand from your lawyers, and I'm going to comply with that but what I'm going to have to do because she can't drive. . . .
". . . .
"The Court: Well, see, the State line's got a receiving center there, you know, a Georgia State receiving center. . . .
"[The mother]: I'm not going to drive that far, not with my sixteen month old and under the circumstances of he and his wife attitude and . . .
"The Court: Attitude? All right. The parties can go have a seat out there. I want to talk to the lawyers a minute.
"(WHEREUPON, the parties were excused from the courtroom and the following proceedings occurred.)
"The Court: . . . Prepare me an Order and the mother is in contempt of court for failure to comply with the prior Court order. . . ." *809 (Emphasis added.) We conclude that, based on the foregoing, the juvenile court stated the, basis upon which it found the mother in contempt, i.e., the mother's statement regarding the father's and his wife's "attitude." Although the mother failed to argue to the juvenile court that it had erred by finding her in contempt based on insufficient evidence, we proceed to address the merits of the mother's argument based on this court's construction of the juvenile court's statements as findings of fact.
The standard of review of a judgment of contempt is as follows:
"[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm."
Nave v. Nave, 942 So.2d 372, 377 (Ala.Civ. App.2005) (quoting Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994)). Furthermore,
""[i]n ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of the witnesses, and it should accept only that testimony which it considers worthy of belief." Clemons v. Clemons, 627 So.2d 431, 434 (Ala.Civ. App.1993).'"
Gladden v. Gladden, 942 So.2d 362, 369 (Ala.Civ.App.2005) (quoting Ex parte R.E.C., 899 So.2d 272, 279 (Ala.2004)).
At the hearing, the mother stated that her ailing back rendered her unable comply with the December 15 order requiring her to travel from Montgomery to the Alabama-Georgia state line to meet the father for visitation exchanges. However, the juvenile court could have assessed the mother's statement regarding the father's and his wife's "attitude" as evidence of a willful refusal to comply with the December 15 order. See Gladden v. Gladden, supra (affirming the finding of contempt, concluding that the trial court could have disbelieved the only evidence it had received, which tended to establish that the party did not willfully violate that court's order). Therefore, we cannot conclude that the juvenile court's order finding the mother in contempt was in error.
Last, the mother argues that the juvenile court erred by awarding the father an attorney's fee in the amount of $250. However, the mother failed to argue to the juvenile court that it had erred on this ground. Because we cannot reverse the juvenile court on a ground not argued to it, we decline to address the merits of the mother's argument. See Andrews, supra; and Boyd, supra.
APPEAL DISMISSED IN PART; AFFIRMED IN PART.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN, J., concurs in part and concurs in the result, with writing.
THOMAS, J., concurs in the result, without writing.
PITTMAN, Judge, concurring in part and concurring in the result.
Notably, in this case, the father's dependency complaint specifically averred that a previous child-support judgment had been entered by a Texas court and that he was paying the mother $365 per month in child supportallegations that the mother did not deny. Further, in the affidavit accompanying that complaint, the father specifically denied any desire to reduce his child-support obligation.
The juvenile court, in unilaterally reducing the father's child-support obligation, acted outside its jurisdiction because § 30-3A-611(a), Ala.Code 1975, provides that a *810 court of this state may modify a foreign child-support order only "[a]fter a child-support order issued in another state has been registered in this state" (emphasis added). Although the juvenile court would have had jurisdiction to act as an "initiating court" to request the appropriate Texas court to modify its judgment, see Ala. Code 1975, § 30-34-206(a), the juvenile court in this case did not act under that statutory authority.
Accordingly, I agree with the conclusion in the main opinion that the juvenile court acted outside its jurisdiction in modifying the father's child-support obligation and that that purported modification is void. To the extent that the main opinion dismisses the mother's appeal as to the child-support issue, I concur. To the extent that the main opinion affirms the juvenile court's judgment as to the other issues raised by the mother, I concur in the result.
NOTES
[1] The Revised Uniform Reciprocal Enforcement of Support Act, which Alabama did not adopt, is the predecessor to the UIFSA.