On Application for Rehearing

BRYAN, Judge.
The opinion of April 8, 2011, is withdrawn, and the following is substituted therefor.
Joel Gunn (“Joel”) and his wife Donna Gunn (“Donna”) appeal from a summary judgment entered in favor of KFC U.S. Properties, Inc.; KFC Corporation; Yum! Brands, Inc.; and Frank Schilleci, the owner of a KFC restaurant located in Montgomery (collectively “KFC”). We affirm.
Viewing the facts in the light most favorable to the Gunns, the nonmovants, as we are required to do on an appeal from a summary judgment, Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990), we note the following facts. On May 6, 2007, Donna purchased some chicken at a KFC restaurant located in Montgomery, and she took the chicken home. Donna and Joel ate some of the chicken that night. Afterwards, Donna placed the *455 remainder of the chicken in a plastic bag and placed it in a refrigerator. The next day, Joel took the chicken to work with him to eat as a snack. While at work, Joel removed a piece of chicken from the bag and discovered what he described as a human tooth embedded in the crust of the chicken. He did not take a bite of the piece of chicken that had a tooth in it. Shortly afterwards, Joel became dizzy, became “sick to his stomach,” and vomited. He stated that, after vomiting, he “did not feel good” and felt “a little lightheaded.” Joel informed his employer that he was sick, and he went home. At home, Donna, a nurse, gave Joel medication for an upset stomach and dizziness. Joel vomited again that night.
The following day, Joel was treated by a doctor. The medical record from that visit states that Joel complained of nausea, vomiting, achiness, and dizziness or vertigo. The doctor prescribed Joel some medication, which he began taking. Joel testified that he vomited once more, but he could not remember which day he vomited. Joel testified that he missed three full days of work following the incident with the chicken. After returning to work, he continued to feel “a little weak to [his] stomach” for a few days. Joel testified that he suffered mental distress for several weeks due to the incident.
The Gunns sued KFC, alleging four claims. The first claim alleged that KFC had “warranted the merchantability of the food,” that KFC had “warranted [that the food] was fit for human consumption and free from foreign items,” and that KFC had breached that warranty. The first claim appears to be a claim of breach of implied warranty of merchantability. The second claim alleged breach of contract. The third claim alleged that KFC had “warranted that its items for public sale were fit for human consumption” and that KFC had breached that warranty. The third claim appears to be a claim of breach of warranty of fitness for a particular purpose. The fourth claim is Donna’s loss-of-consortium claim. The complaint does not allege a negligence claim. The Gunns sought compensatory and punitive damages.
KFC moved for a summary judgment, asserting (1) that KFC U.S. Properties, Inc., one of the named defendants, is the only proper defendant in this case; (2) that the alleged emotional distress suffered by Joel was trivial and that the Gunns had not provided sufficient evidence to sustain a negligence claim; and (3) that, with respect to the purported negligence claim, KFC is entitled to a summary judgment on the ground that the tooth in the piece of chicken did not cause any physical injury to Joel and that Joel was never in a “zone of danger.” See AALAR, Ltd., Inc. v. Francis, 716 So.2d 1141 (Ala.1998) (articulating the “zone-of-danger” test to determine whether emotional-disturbance damages are recoverable in a negligence case). The summary-judgment motion stated that KFC was seeking a summary judgment on the Gunns’ action “in its entirety.” The Gunns filed a response to the summary-judgment motion, presenting arguments answering each of the three assertions made by KFC in its motion. Following a hearing, the trial court granted KFC’s summary-judgment motion, without specifying a reason. Following the trial court’s denial of the Gunns’ postjudgment motion, the Gunns appealed to this court. This court determined that it did not have appellate jurisdiction and, therefore, transferred the appeal to the supreme court. The supreme court then transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize *456 the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98, (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
Procedurally, this is a peculiar case. The Gunns’ complaint appears to have alleged claims of breach of implied warranty of merchantability, breach of contract, breach of warranty of fitness for a particular purpose, and loss of consortium. Although KFC’s summary-judgment motion sought a summary judgment on the Gunns’ action in its entirety, that motion focused on what KFC perceived to be a negligence claim alleged by the Gunns. However, the complaint does not appear to have alleged a negligence claim. Nevertheless, on appeal, the Gunns first argue that trial court erred in entering a summary judgment because, they say, “sufficient evidence existed as to the claim of negligence.” Gunns’ brief at 1 (emphasis and bold typeface omitted). In making that argument, the Gunns argue that they have submitted substantial evidence satisfying the current standard, first clearly articulated in AALAR, supra, concerning the recovery of damages for emotional distress on negligence claims. In AALAR, our supreme court stated that, in negligence cases, recovery for emotional distress is limited “to those plaintiffs who sustain a physical injury as a result of a defendant’s negligent conduct, or who are placed in immediate risk of physical harm by that conduct.” 716 So.2d at 1147. This test is known as the “zone-of-danger” test. Id. In making arguments concerning the zone-of-danger test applied in negligence cases, the Gunns address a claim that their complaint does not appear to have actually alleged. Thus, their arguments concerning negligence do not appear to be relevant. Essentially, the Gunns ask us to reverse the trial court’s judgment on the basis that they have established that they can successfully recover emotional-distress damages on a claim never actually alleged. ‘“[I]t is not the duty of the courts to create a claim which the plaintiff has not spelled out in the pleadings.’ McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala.1977).” Ex parte Burr & Forman, LLP, 5 So.3d 557, 566 (Ala.2008) (declining to read a tort claim into a complaint when the language of the complaint concerned only an alleged breach of contract). Accordingly, we may not reverse on the basis of the Gunns’ first argument.
The Gunns do not address any potential applicability of the zone-of-danger test regarding their actual claims. The *457 zone-of-danger test does not control whether emotional-distress damages are recoverable in breach-of-contract and breach-of-warranty cases. See Morris Concrete, Inc. v. Warrick, 868 So.2d 429, 438-40 (Ala.Civ.App.2003) (stating that emotional-distress damages are generally not recoverable on a breach-of-contract claim and listing specific exceptions to that general rule); and Bowers v. Wal-Mart Stores, Inc., 827 So.2d 63, 69, 70 (Ala.2001) (stating that “it would violate the purpose for which the zone-of-danger rule [there specifically referring to the second part of the test articulated in AALAR ] was created to apply that rule in a breach-of-contract case” and also stating that the rule does not apply to breach-of-warranty cases).
Next, the Gunns argue that the trial court erred because, they say, the trial court dismissed their “breach of standard of care” claim ex mero motu. Gunns’ brief at 8. This argument is somewhat unclear. In attempting to win a reversal, the Gunns appear to have latched onto a statement made by KFC’s attorney at the hearing on the summary-judgment motion. At the hearing, KFC’s attorney noted that KFC was not moving for a summary judgment on the issue of “breach of standard of care”; it appears that the attorney was simply referring to an element of the Gunns’ supposed negligence claim. Significantly, the complaint does not purport to allege a “breach of standard of care” claim. In their brief, the Gunns argue that they alleged the “breach of standard of care” claim in paragraphs 12, 13, 17, 18, 21, 22, and 25 of the complaint. That is, the Gunns contend that they alleged the “breach of standard of care” claim in their claims of breach of implied warranty of merchantability, breach of contract, breach of warranty of fitness for a particular purpose, and loss of consortium. Their argument is somewhat confusing. At any rate, the Gunns’ stated argument that the trial court ex mero motu entered a summary judgment on the “breach of standard of care” claim fails on its own terms because KFC moved the trial court to enter a summary judgment on the Gunns’ action “in its entirety.” Thus, the Gunns’ second argument for reversal is unpersuasive.
In their reply brief, the Gunns attempt to argue issues that were not discussed in their principal brief. For instance, the Gunns discuss a purported claim brought under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”). The complaint did not allege an AEMLD claim. “We do not permit new matters to be raised for the first time in a reply brief.” Birmingham Bd. of Educ. v. Boyd, 877 So.2d 592, 594 (Ala.2003).
In their two arguments properly presented to this court, the Gunns have failed to establish that the trial court erred. Of course, we consider only those arguments actually made by the Gunns. “An argument not made on appeal is abandoned or waived.” Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003). See also Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 99 (Ala.2010) (“Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal.”). Considering the arguments actually presented, we affirm the trial court’s summary judgment.
APPLICATION OVERRULED; OPINION OF APRIL 8, 2011, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs in the result, without writing.
MOORE, J., dissents, with writing, in which THOMAS, J., joins.