THOMAS, Judge.
F.Z. (“the father”) appeals from a judgment of the Jefferson Juvenile Court denying his petition to modify custody. We dismiss the appeal as being taken from a void judgment.
*921 On October 14, 2010, the father filed a petition in the juvenile court to modify custody of D.Z. (“the child”), who had been placed with S.P., the child’s paternal aunt, as a result of an earlier judgment of the juvenile court in which it had found the child to be dependent. On October 26, 2010, the juvenile court entered an order transferring the case to the domestic-relations division of the Jefferson Circuit Court. The juvenile court’s transfer order stated:
“Ex Mero Motu this cause is transferred to the Domestic Relations Court as this matter (petition to modify filed ...) was filed after the effective date of Section 12-15-117[, Ala.Code 1975.]
“All orders entered in this matter subsequent to filing of this petition are set aside and held for naught as this Court does not have subject matter jurisdiction.”
The record does not contain any order from the circuit court transferring the case back to the juvenile court or any order from the juvenile court setting aside its transfer of the case to the circuit court.
In spite of its order transferring the case to the circuit court, the juvenile court continued to act in the ease, holding a hearing on the merits of the father’s petition and, on February 28, 2011, entering a judgment denying the father’s petition to modify custody of the child. The father filed a postjudgment motion, which the juvenile court denied. The father subsequently appealed to this court.
Alabama courts have long recognized “the general rule that jurisdiction of a case can be in only one court at a time.” Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000). When the juvenile court entered its order transferring the case to the circuit court and holding all of its orders in the case void, it lost jurisdiction to take any further action in the case. Id. Because the juvenile court did not have subject-matter jurisdiction over the case after it entered its order transferring the case to the circuit court, the juvenile court’s judgment, along with any other orders entered after the entry of the transfer order, are void. Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1183 (Ala.2006). A void judgment will not support an appeal. Id. “[A]n appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Therefore, we dismiss the father’s appeal and instruct the juvenile court to vacate its February 28, 2011, judgment, along with any other orders entered after October 26, 2010, the date of the order transferring the case to the circuit court.[1]
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. We express no opinion as to the correctness of the juvenile court's determination in its October 26, 2010, order that it did not have subject-matter jurisdiction over the father's petition.