Rel: October 30, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0765

_____

## Ex parte D.A. and M.A.

## PETITION FOR WRIT OF MANDAMUS

## (In re: In the matter of S.A.)

## (Jefferson Juvenile Court, Bessemer Division, JU-18-293.02)

FRIDY, Judge.

This is the fifth time these parties have come before this court seeking a writ of mandamus in connection with attempts by C.H. ("the maternal grandmother") to obtain visitation with her grandchild, S.A. ("the grandchild"). In the mandamus petition now before us, the grandchild's paternal grandparents, D.A. and M.A. ("the paternal

grandparents"), who have had custody of the grandchild since March 2020, challenge the jurisdiction of the Jefferson Juvenile Court, Bessemer Division ("the juvenile court") to award the maternal grandmother visitation with the grandchild and to schedule a review hearing on the issue of the maternal grandmother's visitation. They ask this court to direct the juvenile court to vacate portions of its September 16, 2024, order relating to grandparent visitation. For the reasons set forth herein, we grant the petition.

Background

In Ex parte C.H., [Ms. CL-2023-0820, Feb. 16, 2024] ___ So. 3d ___, ____ (Ala. Civ. App. 2024) ("C.H. II"), we referred to this matter as a "procedural quagmire." That quagmire has since deepened. This matter began when the paternal grandparents obtained custody of the grandchild pursuant to a "private dependency petition order" that the juvenile court entered in March 2020. See Ex parte D.A., 383 So. 3d 674, 676 (Ala. Civ. App. 2023). The order entered in the original dependency action, designated as case number JU-18-293.01 ("the dependency action"), included a provision restraining the maternal grandmother from

having contact of any type with the grandchild ("the no-contact provision"). Id.

Since the entry of the 2020 dependency order, the maternal grandmother has engaged in protracted litigation attempting to obtain visitation with the grandchild. That litigation has given rise to numerous disputes over the jurisdiction of various courts to decide issues connected to those attempts. In May 2022, the maternal grandmother commenced an action under Alabama's Grandparent Visitation Act ("the GVA"), § 30-3-4.2, Ala. Code 1975, which, after a torturous path through various courts in various counties, was eventually assigned case number JU-18-293.02 in the juvenile court ("the juvenile-court visitation action"). See Ex parte D.A., 383 So. 3d at 676-77. In that action, the juvenile court entered an order purporting to award the maternal grandmother supervised visitation with the child. Id. at 677. The paternal grandparents filed two petitions for a writ of mandamus in this court connected to that award, which this court consolidated. Id. at 676. Citing § 30-3-4.2(b) of the GVA, we held that the juvenile court did not have jurisdiction over the visitation action, and we ordered that it be transferred to the Jefferson Circuit Court ("the circuit court"). Id. at 679.

According to information and materials contained in the current petition, the visitation action was transferred to the circuit court, where it was assigned case number CV-22-28.01 ("the circuit-court visitation action").

In May 2023, the maternal grandmother filed in the juvenile court a petition designated as case number JU-18-293.03 ("the modification action"), seeking to modify the no-contact provision contained in the original dependency order because, she said, the circumstances giving rise to that provision no longer existed. Ex parte C.H., 391 So. 3d 897, 899-900 (Ala. Civ. App. 2023) ("C.H. I"). We concluded in C.H. I that the maternal grandmother was entitled to seek to have the no-contact provision set aside and that the juvenile court, as opposed to the circuit court, had jurisdiction to consider that relief. Ex parte C.H. I, 391 So. 3d at 902.

Despite our holding in C.H. I., the juvenile court subsequently entered an order declaring that the modification action had been transferred to the circuit court and let it be known that it would not consider that action. C.H. II, ___ So. 3d at ___. In C.H. II, the most recent opinion of this court involving these parties, we held that the juvenile court had failed to carry out this court's mandate in C.H. I and that it

4

had erred in purporting to transfer the modification action to the circuit court and refusing to consider that action itself. ___ So. 3d at ___. We also observed that, based on the arguments made to us in C.H. II, we did not reach the efficacy of the maternal grandmother's motion for temporary visitation rights, which she had filed in October 2023 in the modification action. Id.

In the petition for a writ of mandamus now before us, the paternal grandparents once again challenge an order of the juvenile court awarding the maternal grandmother visitation with the grandchild on the ground that the juvenile court lacks jurisdiction to consider that question. The documents contained in the paternal grandparents' current petition indicate that, on April 8, 2024, the paternal grandparents filed an answer in the maternal grandmother's visitation action, which is now pending in the circuit court. On April 29, 2024, the juvenile court entered an order in the juvenile-court visitation action stating that that action was "strictly a custody situation" and that it "yield[ed] this case to the circuit civil division for disposition." On May 3, 2024, the circuit court held a hearing in the circuit-court visitation action, after which it set the matter for a trial.

5

On August 26, 2024, after having "yielded" the juvenile-court visitation action to the circuit court, the juvenile court entered another order in the juvenile-court visitation action, stating that, on July 18, 2024, the juvenile court had held a trial on the merits regarding whether to award pendente lite visitation to the maternal grandmother and whether to modify the grandchild's mother's visitation. In the August 26 order, the juvenile court ordered that the maternal grandparents would exercise visitation on the third Sunday of every month after church until 6:00 p.m. and overnight visitation on Wednesdays. We recognize that the maternal grandfather was not a party in any of the actions that have come before the juvenile court, but he was included in the visitation order. The order stated that it would remain in effect until the circuit court entered a "dispositional order" in the circuit-court visitation action.

On September 5, 2024, the paternal grandparents filed a motion to alter, amend, or vacate the August 26, 2024, order on the ground that the juvenile court did not have before it the issues of grandparent visitation or the modification of the mother's visitation when it entered that order. They pointed out that the only issue before the juvenile court was "whether to dissolve a protection order," by which we presume they

6

meant the no-contact provision that was the subject of the modification action. We note that, in the August 26 order, the juvenile court took no action regarding the no-contact provision and, in fact, did not mention that provision.

On September 6, 2024, the juvenile court entered an order setting aside the August 26 order and entered in its place an order stating:

> "The provision of this Court's Order of March 9, 2020 [the original dependency order], restricting contact between the maternal grandmother … and the [grandchild] is hereby DISSOLVED.
>
> "(OR)
>
> "The Court's Order of March 9, 2020, restricting contact between the maternal grandmother … and the [grandchild] is hereby NOT DISSOLVED."

(Capitalization in original.)

On September 16, 2024, the juvenile court entered an order that appears to amend the August 26 order that it had set aside in the September 6 order. In the September 16, 2024, order, the juvenile court noted that the attorney for the paternal grandparents had objected to its consideration of the issue of grandparent visitation because that issue was pending in the circuit court and a trial had been scheduled in the circuit-court visitation action. The juvenile court acknowledged that it

7

had transferred the matter to the circuit court; however, it continued: "But as [the attorney for the maternal grandmother] point [sic] out to [the attorney for the paternal grandparents] when a petition is filed in this court regarding juvenile matters this court does have jurisdiction." The juvenile court then dissolved the no-contact provision of the original dependency order, although it entered that order in the juvenile-court visitation action and not the modification action. The juvenile court directed that the paternal grandfather would supervise the maternal grandmother's visitation with the grandchild, and it ordered that the visitation would take place on Fridays between 5:00 p.m. and 7:00 p.m. The order specified that there would be no overnight or unsupervised visitation, presumably between the maternal grandmother and the grandchild. The juvenile court also set a review hearing for October 31, 2024.

On October 7, 2024, the paternal grandparents filed their petition for a writ of mandamus asking this court to direct the juvenile court to set aside the September 16, 2024, order. On October 17, 2024, they filed in this court a motion to stay enforcement of the September 16 order. Attached to the stay motion filed in this court were the motion to stay

8

that the paternal grandparents had filed in the juvenile court on October 10, 2024, and the juvenile court's order denying the motion to stay on October 11, 2024.

Analysis

In their mandamus petition, the paternal grandparents contend that the juvenile court lacked subject-matter jurisdiction to enter the September 16, 2024, order granting the maternal grandmother visitation with the child and could consider only the issue whether the no-contact provision was due to be dissolved. The maternal grandmother did not respond to the paternal grandparents' petition.

A petition for a writ of mandamus is the proper vehicle for challenging a trial court's subject-matter jurisdiction. Ex parte Baldwin Cnty. Sewer Serv., LLC, [Ms. SC-2023-0723, Sept. 6, 2024] ___ So. 3d ___ (Ala. 2024). "A writ of mandamus will be issued only when (1) the petitioner has a clear legal right to it, (2) a respondent has refused to perform a duty, (3) there is no other adequate remedy, and (4) the petitioned court has jurisdiction." Ex parte Boone Newspapers, Inc., 337 So. 3d 1187, 1189 (Ala. 2021). "Mandamus will be granted only where an

abuse of discretion is shown." Ex parte McMahan, 507 So. 2d 492, 493 (Ala. 1987).

In Ex parte J.N.F., 352 So. 3d 233, 235 (Ala. Civ. App. 2021), this court, citing F.Z. v. S.P., 80 So. 3d 920, 921 (Ala. Civ. App. 2011), held that when a juvenile court entered an order transferring a certain case to the circuit court, it lost jurisdiction to take any further action in that case. Because the juvenile court in that case did not have subject-matter jurisdiction over the case after it entered its order transferring the case to the circuit court, the juvenile court's orders entered after the transfer order were void. Id.

In this case, the materials before us demonstrate that the juvenile court transferred the juvenile-court visitation action to the circuit court no later than April 29, 2024. Therefore, when the juvenile court entered its August 26, September 6, and September 16, 2024, orders in the juvenile-court visitation action (the action designated as case number JU-18-293.02) it no longer had jurisdiction over that action. Therefore, any orders that the juvenile court entered in the juvenile-court visitation action after transferring that action to the circuit court are void, including the decision purporting to dissolve the no-contact provision,

10

which would properly be decided in the modification action still pending in the juvenile court.

## Conclusion

Because the juvenile court had transferred the juvenile-court visitation action to the circuit court by April 2024 at the latest, it no longer has jurisdiction to enter orders in that action. We grant the paternal grandparents' petition for a writ of mandamus, and we order the juvenile court to set aside as void the orders of August 26, September 6, and September 16, 2024, that it entered in the juvenile-court visitation action. The paternal grandparents' motion to stay enforcement of the September 16, 2024, order is denied as moot.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.